**Elliott E. BROWN, Plaintiff Below, Appellee and Cross-Appellant,**

v.

**OCEAN DRILLING & EXPLORATION COMPANY, Defendant Below, Appellant and Cross-Appellee.**

Supreme Court of Delaware.

Submitted March 21, 1979.

Decided June 27, 1979.

James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellant and cross-appellee.

Robert Jacobs, of Bader, Dorsey & Kreshtool, Wilmington, and Paul E. Knag, of Cummings & Lockwood, Stamford, Conn., for appellee and cross-appellant.

Before HERRMANN, Chief Justice, McNEILLY and HORSEY, Justices.

McNEILLY, Justice:

In this action, plaintiff seeks an accounting for proceeds allegedly due him under the terms of an agreement, which he allegedly entered while employed by defendant Ocean Drilling and Exploration Company (ODECO) and which concerns certain inventions allegedly designed by him for ODECO.* The Court of Chancery granted partial summary judgment in favor of the plaintiff and ODECO appeals, contending that it has been deprived of its right to a trial of issues of material fact. Plaintiff cross-appeals the order of the Court of Chancery denying plaintiff's alternative claim for relief based upon the theory of unjust enrichment.

I

In granting summary judgment in favor of the plaintiff, the Court of Chancery rejected ODECO's argument "that a fact question exists as to whether plaintiff was actually the inventor of the rig design in issue." 374 A.2d, at 848. The Court concluded, " . . . [T]here is no evidence that anyone in defendant's management did more than to approve the general concept of rig self-propulsion . . . ." *Id.,* at 848–9. Buttressing its conclusion with an estoppel analysis, the Court opined, " . . . [I]t is clear that defendant has accepted the benefits of the inventions agreement and its own prior recognition that plaintiff was the inventor now prevents it from attacking plaintiff's status as invent[ion] in this proceeding." *Id.,* at 848.

ODECO argues that its answers to plaintiff's request for admissions creates various genuine issues of material fact for trial, including issues in regard to plaintiff's status as inventor. Plaintiff argues that the unsworn denials of plaintiff's status as inventor by ODECO's attorney are insufficient to controvert plaintiff's affidavit and to create a genuine issue of material fact which would preclude summary judgment.

* While not adopting the conclusions of the Court of Chancery for the reasons herein stated, we refer the reader to the Court's opinion in 374 A.2d 842, at 843–845, for a general background of the events leading to the present action.

## II

Chancery Court Rule 56(c) states in pertinent part that summary judgment " . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The proponent of the motion has the burden to prove clearly the absence of any genuine issue of fact, and any doubt should be resolved against him. *Nash v. Connel.,* Del.Ch., 99 A.2d 242 (1953).

In the instant case, plaintiff attempted to carry his burden under Rule 56(c) by submitting to the Court his sworn affidavit. However, plaintiff went a step farther than submitting merely his affidavit, and he requested ODECO pursuant to Chancery Court Rule 36 to admit to each numbered paragraph in his affidavit. ODECO's attorney, on behalf of ODECO, provided unsworn responses to plaintiff's Rule 36 request, and the Court of Chancery had those responses before it in considering plaintiff's motion under Rule 56(c).

Under Rule 36(a) the unsworn denials of ODECO's attorney were sufficient to place the facts stated in the request in issue. *See* 4A *Moore's Federal Practice* § 36.05[4], at 36–64. Thus, instead of demonstrating the absence of any genuine issue of material fact, plaintiff's affidavit and request for admission, together with ODECO's response thereto (which constitute the "admissions in file" for purposes of Rule 56(c)), demonstrated the presence of a number of genuine issues of material fact, including such issues as: (1) whether plaintiff actually conceptualized or invented the self-propelled drilling rig; (2) whether plaintiff invented all that was patented; (3) whether plaintiff invented all that was licensed; and (4) whether the term "others", as used in the inventions agreement, included ODECO's subsidiaries.

Material issues of fact appearing, we are of the opinion that the Court of Chancery incorrectly granted partial summary judgment in favor of the plaintiff. However, in view of the existence of these issues bearing upon plaintiff's right to recovery under the inventions agreement, we also must conclude that the Court of Chancery erred in prematurely dismissing plaintiff's alternative claim for relief based upon the theory of unjust enrichment.

REVERSED, and the case is REMANDED for proceedings consistent with this opinion.