NATIONWIDE LIFE INSURANCE COMPANY, APPELLANT AND
CROSS-APPELLEE, *v.*
MYERS, ADMR., ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as Nationwide Life Ins. Co. v. Myers (1980),
67 Ohio App. 2d 98.]

(No.9374—Decided January 30, 1980.)

*Mr. Joseph C. McLeland,* for appellant.
*Mr. James W. Slater,* for appellee Donald M. Meyers.
*Mr. J. Rix Seibert,* for appellee James Paul Dooley.

HUNSICKER, J. Gordon S. Myers, his wife, Linda J. Myers, and their only child, an infant son, Gordon J. Myers, all residents of Summit County, Ohio, were killed as the result of an automobile accident suffered while travelling in the state of Utah. The infant son died immediately; Gordon S. Myers died at 7:30 p.m., July 5, 1977; Linda J. Myers died at 7:45 p.m., July 5, 1977.

Gordon S. Myers had a contract of insurance with

plaintiff-appellant, Nationwide Life Insurance Company (hereinafter referred to as Nationwide). That contract provided, among other things, as follows:

"Beneficiary—The Beneficiary and Contingent Beneficiary shall be as stated in the application, unless subsequently changed. In event the Beneficiary does not survive the Insured the Contingent Beneficiary shall become the Beneficiary. * * *

"Owner—During the lifetime of the Insured the Owner may exercise all rights and privileges under this policy. Upon the death of the Insured the Owner's rights and privileges shall terminate and the proceeds of the policy shall become payable to the Beneficiary. * * *"

Gordon S. Myers was the *owner* and the *insured* under the contract, or policy of insurance in question. Linda J. Myers, the wife and beneficiary of the policy—it is admitted by the parties to this action—died after her husband. The terms of R. C. 2105.21 do not apply in this case.

Defendant-appellee Donald M. Myers was appointed administrator of the estate of Gordon S. Myers. Defendant-appellee James Paul Dooley was appointed administrator of the estate of Linda J. Myers. Application was made by Donald M. Myers, administrator, to Nationwide, for the proceeds of the insurance policy in question. The sum of $42,513, which was due on the insurance policy, was paid to Donald M. Myers, as administrator of the estate of Gordon S. Myers.

On January 30, 1978, Nationwide filed a complaint against Donald M. Myers, administrator of the estate of Gordon S. Myers, deceased (hereinafter referred to as Donald M. Myers), and James Paul Dooley, administrator of the estate of Linda J. Myers, deceased (hereinafter referred to as James Paul Dooley); the complaint reads, in part, as follows:

"6. Plaintiff company paid defendant Donald M. Myers, Administrator of the estate of Gordon S. Myers, Case Number 127084 of the Probate Court of Summit County, Ohio, the sum of $42,513.00 under a mistake of fact as to who first deceased, either Gordon S. Myers or his wife and primary beneficiary under the policy in question, Linda J. Myers.

"7. Defendant Administrator of the estate of Gordon S. Myers should and ought to pay plaintiff the sum of $42,513.00, and plaintiff then in turn should pay the said death proceeds

over to James Paul Dooley, Administrator of the estate of Linda J. Myers, deceased, Case Number 127093 of the Probate Court of Summit County, Ohio, which Administrator of the estate of Linda J. Myers has made a demand for payment of said death proceeds."

Thereafter, Nationwide filed an amended complaint alleging that, in good faith, payment was made to Donald M. Myers, under the terms of the policy. The following paragraph was an addition in the amended complaint:

"9. In the alternative, should it be determined that plaintiff under a mistake of fact as to whom the proceeds of the said policy of insurance should be paid and the finding of the Court is that payment should have been made to the estate of Linda J. Myers, then Donald M. Myers, Administrator of the estate of Gordon S. Myers should and ought pay back to plaintiff the sum of $42,513.00, and plaintiff then in turn should pay the said death proceeds over to James Paul Dooley, Administrator of the estate of Linda J. Myers, deceased, Case Number 127093 of the Probate Court of Summit County (Ohio), which Administrator of the estate of Linda Myers has made a demand for payment of said death proceeds."

Donald M. Myers filed a cross-claim against James Paul Dooley to recover the proceeds of other insurance policies paid to the estate of Linda J. Myers and an answer and counterclaim against Nationwide, stating that the proceeds of the policy were paid after all facts were known to Nationwide. This counterclaim against Nationwide sought dismissal of the action and reimbursement for attorney's fees and for expenses incurred in the defense of the action.

James Paul Dooley filed an answer and counterclaim to the claim of Nationwide and a cross-claim against Donald M. Myers, asking that the claims of Donald M. Myers be dismissed and requesting the proceeds of the insurance policy in which Linda J. Myers, deceased, was the beneficiary.

The matter was tried to the court. The trial court, in its "Finding," stated that the "facts necessary to resolve the matter may be derived from these sources":

"1. A written 'Stipulations of Fact Not Already Admitted,' signed by counsel and the Court, and subsequently marked by the Court as 'Court's Exhibit 1.'

"2. Joint Exhibit E, introduced on July 9, 1979.

"3. Seven oral stipulations made in open court on July 9, 1979."

The judgment entry of the trial court reads, in part, as follows:

"1. The Finding of the Court be a part of this Judgment Entry as if fully rewritten herein;

"2. Defendant, James Paul Dooley, administrator of the Estate of Linda J. Myers, deceased, recover on its Counterclaim against plaintiff the sum of Forty-two Thousand Five Hundred Thirty [sic] and 00/100 Dollars ($42,513.00);

"3. Judgment be granted for defendant, Donald M. Myers, administrator for the estate of Gordon S. Myers, deceased, on plaintiff's complaint.

"4. All other claims, counterclaims, and cross-claims be dismissed; and

"5. Cost be paid by plaintiff.

"6. Exceptions to all parties."

Nationwide filed a notice of appeal; a notice of cross-appeal was filed by Donald M. Myers, and a notice of cross-appeal was filed by James Paul Dooley.

Nationwide's assignment of error reads as follows:

"The judgment is contrary law relative to the finding that plaintiff-appellant should not recover back insurance death proceeds erroneously paid."

James Paul Dooley's assignment of error reads as follows:

"The lower court erred in that it failed to award interest to the defendant wife's estate."

Donald M. Myers' assignment of error reads, in part, as follows:

"The trial court erred in dismissing the counterclaim of the defendant Donald M. Myers, Administrator of the Estate of Gordon S. Myers, against the plaintiff Nationwide Insurance Company for the expenses of defending the action below.***The trial court incorrectly concluded that the death proceeds should have been paid to the Estate of Linda J. Myers and not the Estate of Gordon S. Myers."

The trial court was correct when it said that:

"***the entitlement to policy proceeds is determined as of the time of death, subject only to the filing of a proof of loss as a condition precedent to the actual payment thereof."

This statement of the trial court is the only conclusion that

can be reached from the terms of the insurance policy set out above. *Stone* v. *Stephens* (1951), 155 Ohio St. 595; *Staunton* v. *Provident Life & Accident Ins. Co.* (1941), 69 Ohio App. 27.

The policy, herein, has no definite date set as to the time when a proof of loss is to be filed. Cases cited, requiring a period of time to file proof of loss, are not applicable. The loss was payable when Nationwide had knowledge of the death of Mr. and Mrs. Myers, and their respective times of death.

The amount due the beneficiary, in this instance the estate, is payable at the time notice of death has been properly presented. Interest on the amount due is payable from that same date. The trial court should have awarded interest to the estate of Linda J. Myers from the date that proof of loss was given to the company. *Amatullis, Inc.,* v. *Great Central Ins. Co.* (1971), 36 Ohio App. 2d 106.

The policy attached to Court Exhibit No. 1 does not contain any comment or provision for notice of death, except in the optional settlement section. The affidavit of John Harker, a former employee of Nationwide, shows that the company had notice of the death of Linda J. Myers and that she was the named beneficiary. Under such circumstances, interest is payable from the notice of death of the insured.

The principal question in this case is the conclusion of the trial court that Nationwide, having knowledge of all of the facts in the case, interpreted the contract as an agreement to pay the estate of Gordon S. Myers and not the estate of Linda J. Myers, the designated beneficiary, who survived, by 15 minutes, the death of the policy owner, Gordon S. Myers.

In deciding this case, we do not consider the question raised in the pleadings of counsel for the estate of Gordon S. Myers as to the proceeds of other insurance policies which were paid to the estate of Linda J. Myers. There was no evidence presented on those claims. The judgment on such matters must be affirmed. We limit our discussion to the Nationwide life insurance policy, only.

We cite, as did the trial court, the case of *In re Estate of Kangesser* (1969), 18 Ohio St. 2d 139, in which the court, at page 142, stated the following: "***the common-law principle, that a voluntary payment of money made under a mistake of law is not recoverable, is the recognized rule in Ohio.***"

"***'A mistake of law occurs where a person is truly ac-

quainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect . . . . A payment made by reason of a wrong construction of the terms of a contract is made under a mistake of law.'***" *American Oil Service, Inc.,* v. *Hope Oil Co.* (1965), 233 Cal. App. 2d 822, 830, 44 Cal. Rptr. 60, 65.

"***' A mistake of law is where a person knows the facts of a case but is ignorant of the legal consequences.'***" *State, ex rel. McCormack,* v. *American Building & Loan Assn.* (1941), 177 Tenn. 385, 428, 150 S.W. 2d 1048, 1065.

It is stipulated in the transcript, as well as by the affidavit of the former Nationwide employee, John Harker, who had charge of the processing and payment of the Gordon S. Myers claim under the policy with Nationwide, that all *facts* as to the death of Gordon S. Myers, and the death 15 minutes thereafter of Linda J. Myers, the beneficiary, were known and considered by Nationwide before payment of the policy proceeds was made to the administrator of the estate of Gordon S. Myers.

"A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Cincinnati* v. *Gas Light & Coke Co.* (1895), 53 Ohio St. 278, paragraph three of the syllabus.

*Vindicator Printing Co.* v. *State* (1903), 68 Ohio St. 362, and *State, ex rel. Dickman,* v. *Defenbacher* (1949), 151 Ohio St. 391, uphold the rule in Ohio to be as follows:

"In the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay.***" *Defenbacher, supra,* at page 395.

There is, in the instant case, no claim of fraud, duress or compulsion. There is, however, a rather unique claim on the part of Nationwide of payment because of a mistake of fact, coupled with a mistake as to whom the money should have been paid under the contract of insurance. It is not a claim of equity or lack of knowledge of the contract. There was, herein, an erroneous interpretation of the contract. This is then a matter only of a mistake of law, and not of fact. The Ohio rule may be a harsh doctrine, but we have lived with it for a long time. If

the rule is to be changed, Nationwide should look to the legislature or the Supreme Court of Ohio for a change in this common law rule.

We have examined all errors assigned in the briefs of Nationwide and find none prejudicial to the company's substantial rights. We sustain the error assigned by James Paul Dooley; interest should be paid from the time proof of death of the owner of the policy of life insurance was received. The amount due under the policy of life insurance, herein, should be paid to James Paul Dooley, as administrator of the estate of Linda J. Myers, deceased.

We have rejected the assignment of error claimed by the appellant, Nationwide, which, in effect, disposes of the chief claims set out in the brief of Donald M. Myers. We know of no law that provides for the payment of expenses of a lawsuit to a defendant in a case of this nature; the judgment of the trial court on that claim is affirmed.

This opinion, we believe, clearly sets out the fact that the estate of Linda J. Myers is entitled to be paid the proceeds of the policy of life insurance issued by Nationwide, plus interest thereon, from the time proof of the death of Gordon S. Myers was furnished the insurance company. We also believe that the opinion clearly establishes that the proceeds of the policy of life insurance were paid to the estate of Gordon S. Myers by reason of a mistake of law, and cannot now be recovered by Nationwide.

The judgment of the Court of Common Pleas of Summit County is affirmed, in part, and reversed in part, as to the interest payment set out above, for which judgment is rendered herein.

*Judgment accordingly.*

Victor, P. J., and Mahoney, J., concur.

Hunsicker, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.