THE HARTFORD, Plaintiff-Appellant, *v.* RONALD DOUBLER *et al.*, Defendants-Appellees.

Third District    No. 81-382

Opinion filed April 22, 1982.

Pamela M. Anderson and John V. Patton, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant.

Phillip Steele, of Massie and Steele, of Alpha, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, the Hartford, brought this action against defendants, Ronald and Roberta Doubler, its insureds, to recover money it paid to them under a contract of insurance. The circuit court of Mercer County granted the defendants' motion for summary judgment.

During the year of 1979, the plaintiff insured the defendants under a farmowners-ranchowners policy. This policy contained a coverage exclusion for loss of livestock while in a public sale barn.

On June 11, 1979, three steers belonging to the defendants were stolen from the Viola Livestock Sale Barn, Viola, Illinois. The next day, the defendants notified the Mercer County sheriff's office and their insurance agent of the loss. On both the offense report given to the Mercer County sheriff and the property loss notice given to the insurance agent, the defendants stated the loss occurred at the Viola Livestock Sale Barn.

The plaintiff, after receipt of the property loss notice and the offense report, paid the defendants the sum of $1,795.00 for the loss of the three steers.

In September of 1979, an additional 13 steers belonging to the defendants were stolen from the Viola Livestock Sale Barn. The defendants reported the loss to their local insurance carrier the following day and completed a second property loss notice which again stated that the loss occurred at the Viola Livestock Sale Barn. This property loss notice was forwarded to the plaintiff.

In addition, defendant Ronald Doubler was interviewed by Jana Cleveland, a claims adjustor for the plaintiff. During this interview Mr. Doubler again stated the steers were stolen from the sale barn. On October 12, 1979, the plaintiff paid defendants the sum of $6,013.25 for the loss of the 13 steers.

Over a year later, the plaintiff instituted this lawsuit seeking reimbursement of the insurance monies paid the defendants for the loss of the livestock. The plaintiff alleged that the payments had been mistakenly made in that Jana Cleveland had approved the claims without any knowledge of the public sale barn exclusion contained in the defendants' insurance policy.

The plaintiff and the defendants both filed motions for summary

judgment. After a hearing, the trial court granted defendants' motion for summary judgment and denied the motion of the plaintiff, stating that the payments by the plaintiff to the defendants were a mistake of law and that the plaintiff had waived the provisions of the insurance policy relating to the exclusion of coverage for livestock loss while in a public sale barn.

The plaintiff has raised the following issues for our review: (1) whether the plaintiff's mistaken payments of insurance monies to the defendants were a mistake of fact, entitling plaintiff to recovery of the monies, or a mistake of law, precluding any such recovery; and (2) whether the plaintiff's payments to the defendants under the contract of insurance constituted a waiver of the applicable policy exclusion.

■■ It is a well-established proposition of law that money paid under a mistake of fact can be recovered by the payor; however, money paid under a mistake of law cannot be so recovered. *Groves v. Farmers State Bank* (1937), 368 Ill. 35, 12 N.E.2d 618.

■■ As to what constitutes a mistake of law, it has been held that an erroneous conclusion of the legal effect of known facts is a mistake of law and not of fact. *Purvines v. Harrison* (1894), 151 Ill. 219.

The defendants have relied on the case of *Western & Southern Life Insurance Co. v. Brueggeman* (1944), 323 Ill. App. 173, 55 N.E.2d 719, in support of their position that the plaintiff's inadvertent payment to the defendants in disregard of a policy exclusion was a mistake of law rather than of fact. In *Western*, the insurance company, by its claims agent, approved payment of the full face value of an insurance policy insuring the life of a private in the United States Army, overlooking the fact that the policy contained a military and naval service exemption clause, entitling the beneficiary to recover only the premiums paid plus interest thereon. The claims agent testified she was familiar with the military and naval service exemption clause contained in the policy; however, in concentrating her attention on a suicide exemption clause also contained in the policy, she overlooked the fact the insured was in the military at the time of his death.

The court in *Western* found that the payment of the claim had been voluntarily made without any fraud or misrepresentation on the part of the defendant and that the insurance company in passing on such claim, by its duly authorized agents, did so with full knowledge of the insured's death while in the military and of the policy provisions relating thereto. Therefore, because approval and payment of the claim were voluntary and without lack of knowledge or mistake of fact, the insurance company had waived all provisions concerning military service.

The case at hand is quite similar to *Western*. The plaintiff, by its duly authorized agent, Jana Cleveland, approved payment for the defendants'

loss of livestock voluntarily with full knowledge of the circumstances surrounding those losses. The defendants neither withheld information nor distorted the facts presented to the plaintiff.

■■ We cannot agree with the plaintiff's argument that since its claims adjustor was not familiar with all the policy provisions, the plaintiff should be allowed to recover the monies paid the defendants on the theory that such payments were made under a mistake of fact. The plaintiff, having drafted the contract of insurance and having been requested to act under its terms, is deemed to have knowledge of the policy provisions. Therefore, any payment made was with the full knowledge of the sale barn exclusionary clause contained in the defendants' insurance policy, and the plaintiff's mistaken application of the policy terms was a nonrecoverable mistake of law.

Because approval and payment of the defendants' claims were made voluntarily and without lack of knowledge or mistake of fact, any policy provisions exempting coverage have been waived.

■■ Waiver is the intentional relinquishment of a known right, and in the field of insurance law, waiver is generally not expressed or intentional but rather implied from the conduct of the insurer or its agents. *Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 323 N.E.2d 521.

Here, the plaintiff's conduct of repeated payments for the loss of defendants' livestock while in a public sale barn, with full knowledge of the circumstances surrounding the losses and its own policy provisions, evidences waiver of the applicable policy exclusion.

For the foregoing reasons, we hold that the summary judgment granted the defendants be affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.