The HOME INSURANCE COMPANY,
Plaintiff Below, Appellant,

v.

Kathy HONAKER and Charles Honaker,
Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: July 9, 1984.

Decided: July 31, 1984.

Colin M. Shalk, Wilmington (argued), Jeffrey S. Marlin, of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant.

Arthur J. Sullivan, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY, HORSEY, MOORE, and CHRISTIE, JJ., constituting the Court en Banc.

MOORE, Justice:

This is an appeal from a Court of Chancery decision granting summary judgment to appellee, Charles Honaker, and to Kathy Honaker[1] and denying restitution of cer-

1. On this record, it appears that Kathy Honaker    took no part in this appeal.

tain overpayments made by appellant, Home Insurance Company ("Home") as a result of Home's unilateral mistake as to coverage. This presents a question of first impression for this Court: whether an insurer, acting under a unilateral mistake of coverage, may regain overpayments made to a nonpolicyholder unaware of the mistake. The trial court found that Honaker was unaware of the insurer's mistake, and had so changed his position that restitution of the amount overpaid would be inequitable. We agree and affirm.

## I.

The facts are not in dispute. On November 3, 1979, Honaker was injured in a rear-end collision while a passenger in an automobile owned by Helen Cliver. Home insured Cliver's automobile, and was liable for Honaker's medical and living expenses up to the limits of its policy under Delaware's no-fault statute. *See* 21 *Del.C.* § 2901 et seq.

Under the personal injury protection ("PIP") provisions of Cliver's policy, Home paid a total of $24,907 to Honaker over a period of two years, believing that the coverage limit was $25,000. In fact, the policy limit was $10,000. The payments made by Home were spent for Honaker's living and medical expenses, and for the living expenses of his child. Subsequently, Home discovered its error, and demanded repayment even though the funds were fully expended. The parties concede that the overpayment to Honaker was Home's unilateral mistake. Honaker had no actual knowledge of the policy's limits, nor access to such information.

Home filed this action in the Court of Chancery for restitution of the $14,907 overpayment and damages. Thereafter, Honaker settled his claim for personal injuries against the driver of the car which had caused the accident. The settlement was for $20,000. After limited discovery, both parties moved for summary judgment, and the trial court ruled in favor of the defendant, Honaker.

On appeal, Home argues that equitable principles compel restitution of these overpayments. Home also contends that such recovery will not prejudice Honaker. Home claims that even though its payments to Honaker were fully and legitimately expended, the defendant still can make restitution of the $14,907 from his $20,000 personal injury settlement. Thus, it is argued that Honaker would then be in the same position as if no mistake had occurred. Home contends that otherwise, Honaker will be unjustly enriched at the former's expense. Home also claims that its negligence is no bar to restitution.

Honaker notes that the status quo between the parties cannot be restored because the money has been spent. He argues that in reality Home now is making demand upon a sum paid by another insurer on a separate claim.

## II.

Chancery Court Rule 56 provides that judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Del.Ch.Ct.R. 56(c). The burden of demonstrating the absence of any genuine issue of fact is on the moving party. *Brown v. Ocean Drilling & Exploration Co.*, Del.Supr., 403 A.2d 1114 (1979); *Nash v. Connell*, Del.Ch., 99 A.2d 242 (1953).

As a general rule, money paid due to a mistake of law is not recoverable, while money paid under a mistake of fact may be recovered in equity under an unjust enrichment theory. *See, e.g., Hartford v. Doubler*, Ill.App., 105 Ill.App.3d 999, 61 Ill.Dec. 592, 594, 434 N.E.2d 1189, 1191 (1982); *Western Casualty & Surety Co. v. Kohm*, Mo.App., 638 S.W.2d 798, 800 (1982); *Young v. Cities Service Oil Co.*, Md.App., 33 Md.App. 315, 364 A.2d 603, 607 (1976). *Accord* 3A J. Appleman, *In-*

surance Law and Practice, § 4010, at 748–50 (1943 & Supp.1973). See also Nationwide Life Insurance Co. v. Myers, Ohio App., 67 Ohio App.2d 98, 425 N.E.2d 952, 956 (1980) (errant construction of contract's terms held a mistake of law, not fact). The negligence of the payor in mistakenly compensating the payee, alone, is no bar to restitution of the sum paid. Messersmith v. G.T. Murray & Co., Wyo.Supr., 667 P.2d 655, 657 (1983). However, where the mistake of fact was not shared by the payee, i.e., in cases of unilateral mistake on the payor's part, equitable principles may bar restitution of the sum paid. E.g., Loeb Rhoades, Hornblower & Co. v. Keene, Wash.App., 28 Wash.App. 499, 624 P.2d 742, 743 (1981). Thus, while mutuality of mistake is usually required for restitution, unilateral mistake does not in every case bar recovery. Benson v. Travelers Insurance Co., Tx.Civ.App., 464 S.W.2d 709, 712 (1971) (misinterpretation of repair estimate produced $760 overpayment). See Corbin on Contracts, § 608, at 669–78 (1960 & Supp.1971); Williston on Contracts, § 1573, at 489, § 1574, at 490–97 (1970 & Supp.1983).

▆▆▆ Regaining of money paid under a mistake of fact is barred where recovery would be inequitable, such as when the payee has changed his position. See, e.g., Transamerica Insurance Group v. Adams, Or.App., 62 Or.App. 419, 661 P.2d 937, 940 (1983); State Farm Mutual Automobile Insurance Co. v. Sabourin, Mo. App., 574 S.W.2d 8, 10 (1978); Ohio Co. v. Rosemeier, Ohio App., 32 Ohio App.2d 116, 288 N.E.2d 326, 329 (1972). See also Winslow, Cohu & Stetson, Inc. v. Skowronek, N.J.Super., 136 N.J.Super. 97, 344 A.2d 350, 354 (1975). See generally Annot., 48 A.L.R.3d 513 (1973); Annot., 40 A.L.R.2d 997 (1955). In such circumstances, while the payee has been enriched mistakenly at the expense of the paying party, equity will not unfairly force the payee to disgorge any profit to his or her detriment. Great American Insurance Co. v. Yellen, N.J. Super., 58 N.J.Super. 240, 156 A.2d 36, 39 (1959). See also Allcity Insurance Co. v. Bankers Trust Co., N.Y.Cty.Ct., 80 Misc.2d 899, 364 N.Y.S.2d 791, 794 (1975); Prudential Insurance Co. of America v. Somers, Conn.Comm.Pl., 20 Conn.Sup. 351, 135 A.2d 365 (1957). The burden of proving a change of circumstances or other inequities sufficient to bar restitution is upon the payee. Jonklaas v. Silverman, R.I.Supr., 117 R.I. 691, 370 A.2d 1277, 1281 (1977) (holding trial court's exclusion of evidence of changed position was error).

Thus, our analysis begins with a determination of whether the mistake is one of law or fact. We then consider the circumstances under which it was made, the conduct of the payee and payor, and any other factors bearing on whether it would be unjust to permit the retention of the benefit or to order its restitution. Kohm, 638 S.W.2d at 800. See T. Wade, "Restitution for benefits conferred without request," 19 Vand.L. Rev. 1183, 1201–02 (1966).[2] Cf. Annot., 10 A.L.R.4th 524 (1981) (Recovery by bank of money paid out to customers by mistake).

### III.

First, we note Home's admission that it was under a unilateral mistake regarding the limits of the "PIP" coverage provided in this policy. Second, Honaker was not the policyholder here, only a passenger in a car insured by Home. Thus, it is undisputed that Honaker had no actual knowledge of Home's error. It is also clear that Honaker had no access to any information which would provide that knowledge. Hence, Honaker could not have misled Home, either directly or indirectly, through

---

**2.** Given the breadth of the exceptions to the rule that restitution is granted for a mistake of fact, but not of law, the initial determination as to the nature of the mistake as factual or legal is rarely dispositive of the case. See, e.g., Handly v. Lyons, Mo.App., 475 S.W.2d 451, 462 n. 1 (1971) (questioning usefulness of fact/law distinction). Accord D. Dobbs, Remedies, at § 11.-8. We consider the nature of the mistake as but one thread in the factual fabric of the controversy before us.

nondisclosure of the overpayments he received. In fact he was unaware of the error until after Home had completed its payments, which had been made over a period of two years. Thus, Honaker appears before this Court with clean hands. What remains is that Home acted under a mistake of fact, due to its own negligence, which continued for two years. *See Messersmith*, 667 P.2d at 657. *See also Benson*, 464 S.W.2d at 712. There is no mistake of law present here.

■ It is undisputed that but for the $20,000 tort settlement, Honaker lacks sufficient funds from which the $14,907 overpayment could be returned to the insurer. Thus, it is clear that Honaker has not retained the value originally represented by the overpayment. *Compare Western Casualty & Surety Co. v. Kohm*, Mo.App., 638 S.W.2d 798, 801 (1982) (purchase of new car with insurer's overpayment held not sufficient change of position barring restitution); *Ohio Co. v. Rosemeier*, Ohio App., 32 Ohio App.2d 116, 288 N.E.2d 326, 329 (1972) (payee's redemption of mortgage and other debts held not sufficient change of position barring restitution). For this reason, we conclude that Honaker has in fact and in equity changed his position in reliance on the insurer's payment. *See id.*

Home, however, claims that Honaker can return the $14,907 overpayment using his personal injury settlement recovered from the driver of the car causing the accident. Home contends that such use of the settlement award is not inequitable, because it leaves Honaker with the same dollar amount which he would have received absent Home's error.[3]

We disagree. Acceptance of the insurer's argument would in effect force Honaker to disgorge a benefit received from a separate source for entirely different reasons. Second, while a payor's negligence is not a *per se* bar to recovery, *see Messers-*

*mith*, 667 P.2d at 657, here the insurer made its erroneous payments to Honaker and other third parties for a period of two years, rather than in one lump sum. *See Kohm*, 638 S.W.2d at 799 (one payment); *Hartford*, 434 N.E.2d at 1191 (two payments made). Under these circumstances, an insurer must be charged with knowledge of the provisions of the policies which it writes. *Hartford*, 434 N.E.2d at 1191. It alone must bear the burden of its unilateral mistake, particularly where the error was prolonged over a two year period. There are no factors meriting any other conclusion.

\* \* \*

AFFIRMED.

■

---

3. In particular, Home notes that it paid $24,907 to Honaker, and that Honaker's settlement amounted to $20,000. Repayment would leave Honaker with a total of $30,000 compensation.

If Honaker had been paid the correct amount by Home Insurance, $10,000, he would have received a total of $30,000.