*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0061p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

MICHAEL SALLING,

              *Plaintiff-Appellant,*


     *v.*


BUDGET RENT-A-CAR SYSTEMS, INC.; AVIS
BUDGET CAR RENTAL, LLC; AVIS BUDGET
GROUP, INC.,

              *Defendants-Appellees.*

No. 10-3998

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 09-02160—James S. Gwin, District Judge.

Argued: November 15, 2011

Decided and Filed: February 29, 2012

Before: MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Nicole T. Fiorelli, Patrick J. Perotti, DWORKEN & BERNSTEIN CO.,
L.P.A., Painesville, Ohio, DWORKEN & BERNSTEIN, Painesville, Ohio, for
Appellants. Marc J. Kessler, HAHN LOESER & PARKS LLP, Columbus, Ohio, for
Appellee. **ON BRIEF:** Nicole T. Fiorelli, Patrick J. Perotti, DWORKEN &
BERNSTEIN CO., L.P.A., Painesville, Ohio, DWORKEN & BERNSTEIN, Painesville,
Ohio, for Appellants. Marc J. Kessler, Kerry R. Green, HAHN LOESER & PARKS
LLP, Columbus, Ohio, for Appellee.

---

[*] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of
Michigan, sitting by designation.

1

———————————

## OPINION

———————————

BOYCE F. MARTIN, JR., Circuit Judge.  Michael Salling rented a car from Budget Rent-A-Car at the airport in Cleveland, Ohio.  He drove the car sixty-four miles in one day, refilled the fuel tank, and returned the car to the same Budget location from which he rented the car.  In addition to rental and other fees that he does not dispute, he was charged a $13.99 fuel service fee that he disputes.

Salling sued in federal district court as an individual and as a putative class representative under the Class Action Fairness Act, 28 U.S.C. § 1332(d), claiming that the $13.99 charge was a contract breach by Budget under Ohio law.  Salling claims that his contract with Budget granted him the right to avoid this charge by returning his rental car with a full fuel tank.  Budget argues that, because Salling drove under seventy-five miles during the rental period, to avoid the charge he was required to return the car with a full fuel tank *and* to submit a receipt to Budget.

Salling also claimed fraud and unjust enrichment on the same facts.  Budget moved to dismiss.  The district court denied this motion on the breach of contract and unjust enrichment claims, but granted it on the fraud claim.  Salling amended his complaint to adequately plead his fraud claim.  Budget then moved for summary judgment on all three claims. The district court granted Budget's motion, ruling that the contract was not ambiguous and that Budget had not breached the contract, committed fraud, or been unjustly enriched. Salling appeals the dismissal of his breach of contract claim.  For the reasons that follow, we **AFFIRM** the district court's grant of summary judgment.

I.

We have jurisdiction in this case under the Class Action Fairness Act.  The Act provides that a federal district court has jurisdiction in a civil action where there is diversity, 28 U.S.C. § 1332(d)(2)(A), the amount in controversy exceeds $5 million, § 1332(d)), and the proposed class includes at least one hundred members, § 1332 (d)(5)(B).  We have held that a defendant seeking removal must prove, by a preponderance of the evidence, that jurisdictional requirements have been met.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

In removing the case, Budget proved diversity sufficiently—Budget is incorporated under Delaware law with a principal place of business in New Jersey; Salling is an Ohio resident.  Budget also provided a spreadsheet in discovery that shows the number of renters who drove fewer than seventy-five miles and calculated the revenues it collected nationally from those renters under its "EZ FUEL" program during the period in question.   The EZ FUEL program is the program under which Budget charged Salling and other renters an automatic flat fee when their rental cars were driven fewer than seventy-five miles.  The spreadsheet indicates that about one million renters drove fewer than seventy-five miles, were charged the EZ FUEL fee, and returned their rental cars with a "fuel gauge read[ing] 8."   In the context of the spreadsheet, this appears to mean that a Budget representative checked the gas gauge and found it to be full when the rental car was returned.  This group of renters is within the class for whom Salling is the putative representative.  The spreadsheet indicates that Budget collected $11.2 million in revenues from these drivers.  Thus, Budget has sufficiently proved that the class includes at least one hundred members and that the amount in controversy exceeds $5 million.

II.

This Court "review[s] a district court's grant of summary judgment *de novo*." *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (citation omitted).  Summary judgment is proper if the materials in the record "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.

Salling has framed this case as one about contract interpretation.  Budget asserts that, regardless of the interpretation of the contract, the voluntary payment doctrine bars recovery under a theory of breach because Salling voluntarily paid the $13.99 charge at issue.  Budget argues that, because the payment was voluntary, Salling should have resolved the issue when he returned the car.  Salling argues that Budget did not preserve the voluntary payment defense such that this Court may consider the defense on appeal.  Salling contends further that Budget's defense fails on its merits even if properly before this Court.

A review of the pleadings and papers filed in the case reveals that Budget did not raise the voluntary payment defense until it submitted its summary judgment reply brief.  This Court has held that "[a]rguments raised only in reply, and not in the original pleadings, are not properly raised before the district court, and so are also not properly preserved for appeal." *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010) (citation omitted).

However, we have also held that "judicial economy requires that this court address the merits of the arguments raised by the parties at this stage of the litigation, rather than forcing the parties to raise it with the district court anew on remand." *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006).  We have interpreted *Lexicon* to mean that an "issue raised for the first time in defendant's response to plaintiff's reply brief for summary judgment [is] not waived [where] the district court fully addressed the argument in its order and [where] both parties fully briefed the issue on appeal." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

Here, the district court considered the voluntary payment doctrine defense in its opinion and found that the defense barred Salling's unjust enrichment claim; both parties have briefed and argued the issue on appeal. If we were to remand, Budget could raise this defense in another summary judgment motion. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 820 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment . . . . '[T]he denial of summary judgment has no *res judicata* effect, and the district court may, in its discretion, allow a party to . . . file successive motions, particularly if good reasons exist.'") (citation omitted).

Here, for the sake of judicial economy, we think the better course is to decide the case now.

## IV.

Ohio recognizes the voluntary payment doctrine. "As articulated by the Ohio Supreme Court: 'In the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay.'" *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d. 880, 894 (S.D. Ohio 2003) (quoting *State ex. rel. Dickman v. Defenbacher*, 86 N.E.2d 5, 7 (Ohio 1949)). The record shows that Salling paid the $13.99 charge voluntarily. He has not claimed duress or compulsion. His fraud claim was dismissed by the district court in its summary judgment grant and he has not appealed that ruling. Finally, Salling made no mistake of fact. Just the opposite is true—Salling paid the charge *in anticipation of filing suit* and he received a receipt that enumerated the $13.99 charge in question separately from all other rental charges. He believed that paying the charge on a car driven fewer than seventy-five miles and returned with a full tank would give him standing to bring this suit. Though Salling argues that he "had no choice but to pay the fee," and that his payment was thus not voluntary, we cannot agree. We find that his payment was voluntary.

Salling contends that the contract breach claim still stands because the voluntary payment doctrine does not apply where a party breaches a provision of a written

contract.  He urges that, because he interprets Budget's actions as a breach of the contract, the doctrine does not apply.  He is mistaken: "A payment made by reason of a wrong construction of the terms of a contract is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Nationwide Life Ins. Co. v. Myers*, 425 N.E.2d 952, 956 (Ohio Ct. App. 1981) (quoting *Cincinnati v. Cincinnati Gaslight & Coke Co.*, 41 N.E. 239, at syllabus para. 3 (Ohio 1895)) (internal quotation marks omitted).

Because Budget's defense under the voluntary payment doctrine succeeds, we do not reach the contract interpretation issue.  The judgment of the district court is **AFFIRMED**.