**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1000n.06

**No. 11-3890**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 10, 2012*
DEBORAH S. HUNT, Clerk

ROBERT N. JAMES,

    Plaintiff-Appellant.

v.

JAMES TUNNELL, Ohio DNR Officer; DARON RHOADS, Deputy,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**OPINION**

---

**BEFORE:  NORRIS, McKEAUGE, and KETHLEDGE, Circuit Judges.**

**PER CURIAM.**  Plaintiff Robert James filed this § 1983 civil rights action against Butler County, Ohio Deputy Sheriff Daron Rhoads, and Ohio Department of Natural Resources Officer James Tunnell.  This appeal presents us with two Fourth Amendment claims: 1) Did Deputy Rhoads use excessive force against Mr. James by keeping him in handcuffs for a period of approximately four hours after his arrest?  2) Did Officer Tunnell "unreasonably execute" a search warrant of plaintiff's residence?  The district court answered both questions in the negative and granted summary judgment to defendants.  We agree with its assessment, and therefore affirm.

In this appeal, we have the benefit of a thorough district court opinion, which, as always, we review de novo.  *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010).  Moreover, as the non-moving party, we assess the factual evidence in the light most favorable to plaintiff and draw all reasonable inferences in his favor.  *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 444 (6th

Cir. 2012). Accordingly, while we have considered the district court's reasoning, we have undertaken an independent review of the record and governing case law. Finally, we have given close attention to the arguments of the parties advanced in their respective briefs.

Having done so, we conclude that the district court applied the correct legal precepts to the two issues on appeal and, even viewing the facts in a light most favorable to plaintiff, correctly concluded that he has not stated a viable constitutional claim. Because we adopt the reasoning of the district court, a detailed opinion from this court would serve no useful purpose.

That said, we will briefly address one aspect of plaintiff's excessive force claim. While the Fourth Amendment prohibits unduly tight handcuffing in the course of an arrest, "[n]ot all allegations of tight handcuffing . . . amount to excessive force." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). To prevail, a plaintiff must show that officers ignored plaintiff's complaints that the handcuffs were too tight and allege some physical injury from the handcuffing. *Id.* at 576 (citations omitted). In this case, the district court concluded *inter alia* that plaintiff had failed to establish sufficient physical injury to make out his claim.

We agree with that assessment, which comports with the bulk of our case law. In *Miller v. Sanilac Cnty.*, 606 F.3d 240 (6th Cir. 2010), we found insufficient evidence to support injury because plaintiff's allegations of loss of color in his hands and a "continuing inability" to use them were unsupported "by his medical records or the intake form he completed during his arrest." *Id.* at 252; *accord Lyons*, 417 F.3d at 575–76 (bruising of the wrist that did not persist insufficient to establish injury). As in *Miller*, plaintiff failed to allege an injury when completing his intake form and did not seek medical treatment for any resulting injury. While we acknowledge that this court

has, on occasion, appeared to require less in the way of a showing of injury by plaintiff, *see, e.g., Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 403 (6th Cir. 2009) (finding bruising, skin marks, and attendant pain enough to create a genuine issue of material fact with respect to the physical injury component), *Miller* is closely analogous to the facts presented in this appeal and supports the district court's conclusion regarding lack of injury.

The judgment of the district court is **affirmed**.