NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0239n.06

No. 11-4258

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

SLEP-TONE ENTERTAINMENT COPORATION,

    Plaintiff-Appellant,

v.

KARAOKE KANDY STORE, INC.;
CHARLES M. POLIDORI,

    Defendants-Appellees.

_____/

FILED
*Mar 07, 2013*
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

Before: BATCHELDER, Chief Circuit Judge, KEITH, and MARTIN, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. This case is about the alleged unauthorized display of registered trademarks. Slep-Tone Entertainment Corp. owns the "Sound Choice" trademark and an accompanying display mark. Slep-Tone encodes these marks onto karaoke discs which it sells under the trade name Sound Choice. When played in a karaoke machine, these discs display the Sound Choice marks on the screen. Slep-Tone alleges that Karaoke Kandy Store and its owner, Charles Polidori, have copied Slep-Tone's discs, without permission, onto hard drives and MP3 players which they have then sold to customers who use these devices to sing karaoke. When the customers sing karaoke, Slep-Tone alleges, they will see the Sound Choice marks on the screen and believe that the Sound Choice brand is somehow aligned with Polidori and Karaoke Candy Store. Slep-Tone sued Polidori and Karaoke Candy Store for trademark infringement and unfair business practice under the Lanham Act and Ohio state law. The district court granted summary judgment

to Karaoke Kandy Store and Polidori.  Slep-Tone appeals.  For the reasons that follow, we **REVERSE**.

Slep-Tone makes and distributes karaoke songs on compact disc, in one of two flavors: either as a "CD+G" (compact disc plus graphics) or as an MP3+G (MP3 plus graphics).  Under the trade name "Sound Choice," Slep-Tone then sells these karaoke discs through its website and through retail outlets.  Slep-Tone labels these karaoke discs with a stylized display trademark, which contains the words "SOUND CHOICE" superimposed on a graphic that looks like a truncated guitar fretboard.  Slep-Tone has owned, since the mid-1990s, two different trademarks for these labels: (1) the mark "SOUND CHOICE" as used in conjunction with pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video related to musical compositions," (U.S. Trademark Registration No. 1,923,448); and (2) the stylized SOUND CHOICE display mark, as used in conjunction with the same goods (U.S. Trademark Registration No. 2,000,725).  Slep-Tone also encodes the graphics portion of its discs with the SOUND CHOICE mark so that it appears on a video display while the karaoke song is playing.

Charles Polidori is a businessman in the karaoke industry, providing karaoke music, equipment and related services.  Polidori incorporated Karaoke Kandy Store, Inc., in 1995, and it has since bought Slep-Tone's karaoke discs.

Slep-Tone sued Karaoke Kandy Store and Polidori in the United States District Court for the Northern District of Ohio, alleging that the defendants had infringed upon their trademarks in violation of the Lanham Act (specifically 15 U.S.C. sections 1114 and 1125).  Slep-Tone also alleged that Karaoke Kandy Store and Polidori had engaged in deceptive trade practices, in violation

of Ohio Revised Code section 4165.02, and had engaged in trademark infringement in derogation of Ohio common law. Specifically, Slep-Tone alleged that the Karaoke Kandy Store and Polidori copied, without permission, its discs onto hard drives that the Karaoke Kandy Store then sold to its customers.

The Karaoke Kandy Store and Polidori moved for summary judgment. In opposition to its motion, Slep-Tone produced the affidavits of three people, two of whom–Robert Shumaker and Jeff DeLeva–were former Karaoke Kandy Store employees who declared that they knew that Karaoke Kandy Store had copied the contents of Slep-Tone CDs onto hard drives which they sold to customers.

The district court granted Karaoke Kandy Store's motion for summary judgment. The court held that Slep-Tone had failed to direct its attention to any evidence tending to show that either Polidori or Karaoke Kandy Store had used Slep-Tone's trademarks without permission. The court found the affidavits of Robert Shumaker, Jeff DeLeva, and Kurt Slep did not establish that Polidori or Karaoke Kandy Store copied and sold Slep-Tone's karaoke recordings which display its trademarks. Rather, the affidavits provided, according to the court, "vague and conclusory statements without foundation[,]" which were "not specific facts as are required to overcome summary judgment."

We review a district court's grant of summary judgment de novo. *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 443 (6th Cir. 2012). A grant of summary judgment is proper if the materials in the record show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* at 443-44 (citing Fed. R. Civ. P. 56(a)). In deciding

a motion for summary judgment, we must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 444 (citing *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir.2003)) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To establish its claims under the Lanham Act and Ohio law, Slep-Tone must prove three elements: (1) it has valid marks entitled to protection; (2) that Karaoke Kandy Store and Polidori committed unauthorized actions with respect to those marks that are (3) likely to result in consumer confusion. 15 U.S.C. §§ 1114(1), 1125(a); Ohio Rev. Code Ann. § 4165.02 (West 2013). Ohio common law trademark infringement claims and Ohio Deceptive Trade Practices Act claims mirror trademark infringement claims brought under the Lanham Act. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 288 (6th Cir. 1997).

Here, as to the first element, Karaoke Kandy Store does not dispute that Slep-Tone's marks, which are registered with the United States Patent and Trademark Office, are valid and entitled to protection. *See* 15 U.S.C. § 1115(a).

Therefore, to survive summary judgment, Slep-Tone needs to show, in part, that there is a genuine dispute of material fact about the second element, whether Karaoke Kandy Store committed unauthorized actions with respect to those marks.

In opposition to the summary judgment motion, Slep-Tone produced the affidavits of three people: Kurt Slep, the current CEO of Slep-Tone; and Jeff DeLeva and Robert Shumaker, both former Karaoke Kandy Store employees.

Karaoke Kandy Store and Polidori argue that Shumaker's declaration "is devoid of any basis for his personal knowledge regarding authorization" to copy Slep-Tone's discs. We disagree. We believe that a reasonable jury could infer, based upon Shumaker's affidavit, that Karaoke Kandy Store and Polidori committed unauthorized actions with respect to Slep-Tone's marks.

In his affidavit, Shumaker recounts an anecdote in which Polidori personally asked him if it was possible to remove the Sound Choice name and logo from the digital karaoke recordings that were part of the music libraries that were loaded onto machines sold by Karaoke Kandy Store. Shumaker replied that he "did not have the ability to do that," and stated that he was curious as to why Polidori had asked him such a question. Polidori responded by showing Shumaker a copy of Slep-Tone's complaint. These facts would be admissible in evidence

Therefore, based upon Shumaker's declaration, we conclude that a reasonable jury could infer that Polidori's actions and statements show that Polidori knew that at least some of the karaoke tracks contained within the music libraries loaded onto the machines sold by Karaoke Kandy Store were Slep-Tone tracks, that this use was not authorized by Slep-Tone, and that the inclusion of the Slep-Tone marks on the video portion of the karaoke tracks was not authorized.

In a trademark case, we would next consider whether this unauthorized use would create a likelihood of consumer confusion. *See Frisch's Rests., Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). But, because discovery in this case was minimal, because the record is not developed, and because the district court made no factual findings as to the *Frisch* factors we consider in such an inquiry, we are unable to draw any conclusions about likely consumer confusion.

For all of these reasons, we **REVERSE**.