**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

TIBCO SOFTWARE, INC., )
)
          Plaintiff, )     C.A. No. N18C-08-072 MAA
)
          v. )
)
NTHRIVE REVENUE SYSTEMS, )
LLC, )
)
          Defendant. )

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT

1.     On November 21, 2019, the Court issued a Memorandum Opinion denying defendant nThrive Revenue Systems ("nThrive"), LLC's Motion for Summary Judgment. Dkt. 53. nThrive subsequently moved for reconsideration of the Court's Memorandum Opinion, which this Court denied on January 6, 2020. Dkt. 59.

2.     The Court issued a trial scheduling order on January 17, 2020 after discussion with counsel regarding trial and pre-trial matters. Dkt. 60. During this conference, the Court indicated that it was not likely to permit another round of dispositive briefing prior to trial, but that it would be willing to permit the parties to file a letter to the Court no later than September 10, 2020 requesting to file a motion for summary judgement. *Id.* The letter was required to "include the undisputed facts

and legal bases for such motion." *Id.* Any letter in opposition was required to "[s]et forth the factual disputes (with record citations) and legal bases for opposing such motion." *Id.* The September 10 deadline was moved to September 21, 2020 in an amended scheduling order. Dkt. 81.

3.  Per its September 21, 2020 letter to the Court, Dkt. 83, plaintiff TIBCO Software, Inc. ("TIBCO") now seeks leave to move for summary judgment.

4.  Under Superior Court Rule 56, summary judgment "shall be rendered forthwith" if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Super. Ct. Civ. R. 56(c). The moving party bears the initial burden of demonstrating that, even with the evidence construed in the light most favorable to the non-moving party, there are no issues genuine issues of material fact. *Brown v. Ocean Drilling & Expl. Co.*, 403 A.2d 1114, 1115 (Del. 1979). If the moving party meets this burden, then, to avoid summary judgment, the non-moving party must adduce "some evidence showing a dispute of material fact." *Szczerba v. American Cigarette Outlet, Inc.*, 2016 WL 4703513 (Del. Super. Sept. 2, 2016) (citing *Phillips v. Del. Power & Light Co.*, 216 A.2d 281, 285 (Del. 1966)); *accord Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

5.  When a party attempts to resolve issues involving substantial and material factual disputes, "summary judgment proceedings are apt to waste, rather

than conserve, the resources of the parties and the court." *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007). The Court finds that any additional summary judgment briefing in this matter would be a waste of the resources of the parties and the Court. In the Court's Memorandum Opinion denying nThrive's motion for summary judgment, it found that "genuine issues of material fact exist on whether nThrive had the authority to terminate [the MedAssets Order Form]" as well as "the meaning of the termination provisions [in the MedAssets Order Form]." Dkt. 53, at 1; *see also id.*, at 12-14. Though TIBCO tries to refashion its previous arguments from its opposition to nThrive's motion for summary judgment, an additional summary judgment ruling from the Court would not resolve the above factual disputes, nor others that were previously addressed by the Court in its November 21, 2019 opinion. *See id.*

6. More generally, in its response to TIBCO's request for leave to file a motion for summary judgment, nThrive points out that "TIBCO's request fails to identify any new facts or evidence that calls into question this Court's previous rulings." Dkt. 84, at 2. The Court agrees.

7. TIBCO's request to file a motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: October 22, 2020