The UNITED STATES of America, Plaintiff,

v.

Dorothy P. AUGSPURGER, Executrix of the Will of Charles H. Augspurger, and Loeb, Rhoades & Co., Defendants.

No. CIV–76–595.

United States District Court, W. D. New York.

Sept. 13, 1979.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y., for plaintiff; Steven Z. Kaplan, Tax Division, Dept. of Justice, Washington, D. C., of counsel.

Leland G. Cook, Buffalo, N. Y., for defendant Augspurger.

Harry P. Trueheart, III, Rochester, N. Y., for defendant Loeb, Rhoades & Co.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendants have moved individually for reconsideration and modification of this court's Memorandum and Order entered March 20, 1978 (reported at 452 F.Supp. 659).

■ Defendant Augspurger based her motion on Fed.R.Civ.P. rules 59 and 60. These rules do not apply in the instant case because no final judgment or order has been issued; the exact amount of the penalty to be paid by defendant Loeb, Rhoades & Co. remains to be determined. *See,* Fed.R. Civ.P. rule 54(b). The motion will be considered as if brought pursuant to rule 54(b).

■ Defendant Augspurger relies upon *State of New Jersey v. Moriarity,* 268 F.Supp. 546 (D.N.J.1967), to support her argument that a court must affirmatively find the levy to be valid before imposing the constructive trust. The factual situation in *Moriarity* bears little relation to that in the instant case. Therein, New Jersey had seized a sum of money as contraband and subsequently brought forfeiture proceedings. Between the time of the seizure and commencement of the forfeiture proceedings, the United States of America had levied on the property. The District Director of the Internal Revenue Service removed the state forfeiture proceedings to the federal court and, in opposing the state's motion for a remand, argued that as a result of the federal levy the state forfeiture proceedings were in reality not an *in rem* suit against the confiscated property but an *in personam* suit against the District Director seeking return of the money which had been levied upon. 28 U.S.C. § 1442(a)(1) would permit him to remove the latter type of action. The state contended that there was no property to which the levy could attach because once the seizure had occurred the citizen no longer owned the property, but had only a right to recover it should he be acquitted of the crime charged. The court determined that the state's position was correct and that there was not "removal jurisdiction". The *Moriarity* case simply does not stand for the proposition that the United States of America must affirmatively establish the validity of a levy to defend suits for injunctions brought by taxpayers. The *Moriarity* court never reached the question of the validity *vel non* of the lien, but only whether there was property to which it might attach. When considering defendant Augspurger's motion for partial summary judgment on her counterclaim, I concluded that *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), prevented me from issuing an injunction barring collection of monies pursuant to the levies in the instant case. Having determined that under *Enochs* this court was not the proper forum for resolving the dispute between the taxpayer and the United States over the possible abatement or invalidity of the assessment, I later reached the conclusion that the levies based on the penalty assessments constituted a constructive seizure of the property and therefore brought such property within the jurisdiction of the court. Nothing submitted by defendant Augspurger has persuaded me to alter those conclusions.

Although defendant Augspurger did not request an evidentiary hearing, I have reviewed the materials in the file to determine if such a hearing should be held to determine whether the February 22, 1971 penalty assessment was abated. I have concluded that such hearing is not warranted. *See, Trent v. United States,* 442 F.2d 405 (6th Cir. 1971). *Cf., Bauer v. Foley,* 404

F.2d 1215 (2d Cir. 1968), *supplemental opinion after rehearing*, 408 F.2d 1331 (1969); *Gordon v. United States Treasury Dept. Int. Rev. Serv.*, 322 F.Supp. 537 (E.D.N.Y.1970). *See, generally, Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

Defendant also argues that I could not impose a constructive trust upon the funds seized pursuant to the levy, because the levy was based on the 1971 penalty assessment, whereas the constructive trust resulted from the later erroneous refund. Because of the intricate connections between the assessment, the erroneous refund, and the levy, I adhere to my original decision that the facts of the instant case warrant the imposition of a constructive trust.

In reviewing my Memorandum and Order I note that ambiguities exist with reference to the penalty assessments. Although defendant Augspurger contested the validity of both the February 22, 1971 and December 17, 1971 penalty assessments, her contentions as to abatement were directed only at the former. My Memorandum and Order dated March 17, 1978 and filed March 20, 1978 is hereby ORDERED amended in the following regards:

In the last paragraph preceding the section of the opinion labeled "1. *Findings of Fact*" the phrase "February 22, 1971" should be inserted immediately before "penalty assessment".

Additionally, the last three sentences in the last paragraph preceding the section of the opinion labeled "2. *Erroneous Refund*" should read,

"The others were based on both the February 22nd and the December 17th penalty assessments. The Government collected $6,730.86 from Loeb pursuant to the levies. This amount represents dividends owing to Charles H. Augspurger from his investment with Loeb. Only $1,702.12 has been applied to the February 22, 1971 penalty assessment."

The first two sentences of the first full paragraph on page 14 (452 F.Supp. at 667) are amended to read:

"Questions of fact exist as to whether the penalty assessments were valid when made and whether the February 22, 1971 penalty assessment had been abated prior to the levies. Even if the February 22, 1971 penalty assessment had been abated, questions of fact remain as to the validity of the December 17, 1971 penalty assessment, and it is not clear from the record before me that the Government could not prevail under any circumstances. *See, Enochs, supra* [370 U.S.], at 7 [82 S.Ct. 1125]."

Defendant Augspurger's motion for reconsideration hereby is ORDERED denied.

■ Defendant Loeb, Rhoades & Co. (hereinafter "Loeb") also moves for reconsideration on grounds distinct from those urged by its co-defendant. In brief, Loeb's argument is that, because of unusual restrictions on the shares of the mutual fund held for Augspurger by it, it could not have complied with plaintiff's levy without exposing itself to liability for conversion of the property of such customer and that 26 U.S.C. § 6332(d) (which normally protects persons complying with a tax levy from liability to the delinquent taxpayer) would not have protected it in the instant case.

I assume, for purposes of discussion, the validity of Loeb's first point: that redeeming Augspurger's shares and transferring the cash to the United States would have made it liable for conversion under New York law. However, for Loeb to prove "reasonable cause" for its failure to comply with the levy by turning over the redemption proceeds, it must also show that it had at least a rational fear that 26 U.S.C. § 6332(d) would not have protected it. *See, United States v. Cuti*, 395 F.Supp. 1064 (E.D.N.Y.1975). Loeb's arguments to the contrary notwithstanding, the section unquestionably and clearly protects from liability not only those who comply with a levy by turning over the property in question, but also those who fail to so comply and thus are personally liable for the value of the property levied upon, if they discharge their liability. The statute obviously would have protected Loeb fully had it followed

the suggestion of the United States, re-deemed Augspurger's shares and transfer-red the cash to the United States. Loeb's legitimate concern with the legality of the levy ended there. It was not Augspurger's attorney. As a matter of law, Loeb's fail-ure to comply with the levy under these circumstances was without "reasonable cause". It is thus unnecessary to consider the other links in Loeb's logical chain.

Defendant Loeb's motion for reconsidera-tion hereby is ORDERED denied.

Plaintiff and defendant Loeb are hereby ORDERED to submit affidavits in order that I may determine the amount of the penalty to be imposed under 26 U.S.C. § 6332(c)(2).

So ordered.