**UNITED STATES of America, Plaintiff,**

**v.**

**Brenda A. REAGAN f/k/a Brenda A. Kennedy, Defendant.**

**Civ. A. No. 85–1929–C.**

United States District Court,
D. Massachusetts.

Jan. 14, 1987.

Asst. U.S. Atty., Joseph S. Ackerstein, Boston, Mass., Kenneth C. Brown, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is a civil action brought by the United States to recover from the defendant, Brenda A. Reagan, an erroneous refund of Internal Revenue taxes. The United States seeks to recover this money by way of four alternative grounds: erroneous refund, money paid by mistake; money had and received; and conversion. This Court has jurisdiction over the matter pursuant to §§ 7402 and 7405 of the Internal Revenue Code of 1954 (26 U.S.C.) and §§ 1340 and 1345 of Title 28, United States Code. The matter is now before the Court on plaintiff's motion for summary judgment.

■ The United States has a long-established right to sue for an erroneous refund of Internal Revenue taxes. *See United States v. Wurts*, 303 U.S. 414, 416, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938). This right to sue is independent of statutory authorization, *id.* at 415, 58 S.Ct. at 638, but Congress has nevertheless provided statutory authority to sue in § 7405(b) of the Internal Revenue Code of 1954 (26 U.S.C.). Section 7405(b) provides:

> Any portion of a tax imposed by this title which has been erroneously refunded ... may be recovered by civil action brought in the name of the United States.

In support of its motion for summary judgment the United States has submitted a statement of material facts, on which there is allegedly no genuine dispute, and an affidavit by James F. Tierney, an IRS Revenue Officer. The defendant submitted a letter dated May 28, 1985, which has been treated as an appearance pro se and an answer to the complaint. The defendant has failed to submit any opposition to the present motion, however.[1] Consequently, pursuant to Local Rule 18, the plaintiff's statement of material facts is deemed to be admitted by defendant for purposes of this motion.

The relevant facts are as follows. On June 15, 1981, the Internal Revenue Service ("IRS") received from taxpayers other than the defendant an estimated tax payment of $5,900. The IRS improperly credited this amount to defendant's tax account. By check dated May 13, 1983 the IRS issued this amount, plus interest of $1,217—for a total of $7,117—to defendant. Defendant cashed this check on May 23, 1983 at the Dade Savings and Loan Association in Miami, Florida. The IRS requested the refund of this amount, but the defendant refused. These requests were made on the defendant personally and on her guardian, Lloyd E. Conn, Esq. Mr. Conn was appointed as defendant's guardian on August 9, 1983, after the Probate Court of Barnstable County found the defendant to be a spendthrift. In its memorandum in support of its motion, the United States asserts that the defendant was discharged from Mr. Conn's guardianship on January 3, 1985. Defendant asserts that she has only a vague recollection of cashing the check, and that she thought the check was from a business establishment of which she was formerly co-owner. Finally, the United States filed this suit within the two year time period prescribed by 26 U.S.C. § 6532(b).

■ The United States has the burden to prove that an erroneous refund was made, and the amount of the refund. *Soltermann v. United States*, 272 F.2d 387 (9th Cir.1959); *United States v. Augspurger*, 452 F.Supp. 659, 666 (W.D.N.Y.1978), *amended on other grounds*, 477 F.Supp. 94 (1979). Plaintiff's uncontested assertions of fact establish that the refund to

1. By letter dated November 21, 1986 the defendant again purportedly informally answered the complaint and also opposed the motion for summary judgment. The letter was written by Lloyd E. Conn, Esq., purportedly on behalf of the defendant. In the letter, however, Mr. Conn stated he was not acting as counsel for the defendant. Moreover, the letter was not signed by the defendant.

the defendant was improper and that this refund was in the amount of $7,717. The improper crediting of a refund to a taxpayer is clearly an erroneous refund. *United States v. Hedicke*, 83–2 U.S.T.C. ¶ 9701 (W.D.Tex.1983).

 An action to recover a tax refund is essentially an action for restitution, which is governed by principles of equity. *United States v. Russell Manufacturing Company*, 349 F.2d 13, 16 (2d Cir.1965); *Equilease Corp. v. Hentz*, 634 F.2d 850, 853 (5th Cir.1981). There can be no recovery for an erroneous tax refund where the defendant has so changed her position to her prejudice because of the erroneous payment that it would be unjust to require her to refund it. *Russell Manufacturing*, 349 F.2d at 16; *Equilease*, 634 F.2d at 853. In the present case, plaintiff's answer indicates that she may have been under guardianship when she received and spent the tax refund. Defendant states that she spent most of the money to repay debts. From August 9, 1983 to January 5, 1985, defendant was under the spendthrift guardianship of Lloyd Conn. Now she is no longer under guardianship, but also no longer has the money.

The mere fact that defendant spent the proceeds of the erroneous tax refund does not by itself constitute a change of circumstances such that equitable considerations will bar the government from recovering the tax refund. Generally,

> [w]here money has been paid which the payee has used for the payment of debts incurred prior to its receipt, such payment of debts does not constitute a change of circumstances which would prevent restitution by him.

Restatement of Restitution § 142 Comment b. *See also Piper v. United States*, 8 Cl.Ct. 243 (1985) (taxpayer estate's use of proceeds from erroneously paid tax refund to pay other taxes and administrative expenses did not equitably estop IRS from seeking to recover the erroneously paid estate tax refund). In the present case the equitable considerations also include the fact that defendant may have been under guardianship at the time she received and spent the tax refund. The Restatement of Restitution § 139, however, states that incapacity "is not in itself a defense in an action for restitution." Thus the Restatement asserts that neither incapacity alone nor the mere fact that defendant spent the erroneously paid money to repay previous debts is sufficient by itself as an equitable defense. Consequently, plaintiff's motion for summary judgment should be allowed.

Order accordingly.