Defendant-appellant Board of Education of the Fairview Park City School District ("Fairview Park") appeals from the entry of summary judgment in favor of plaintiff-appellee Board of Education of the Rocky River City School District ("Rocky River"). For the reasons adduced below, we affirm.
The facts indicate that for the years 1979 through 1982, appellee Cuyahoga County Auditor, J. Timothy McCormack ("Auditor"), improperly allocated uncollected personal property tax proceeds from certain commercial establishments to the Fairview Park School District in the tax records of Cuyahoga County, Ohio. The area from which these proceeds are derived is in the taxing district of the Rocky River School District. Apparently, the mistake of the Auditor was precipitated by those certain commercial establishments mistakenly listing the Fairview Park Taxing District (District No. 26) on the annual returns rather than the Fairview Park/Rocky River City School District (District No. 27) for the years in question. These tax proceeds in question were collected in 1980 through 1983 and amounted to $178,890.50. When alerted to this error, Rocky River requested Fairview Park in September 1985 to return those improperly received tax proceeds to Rocky River. Fairview Park refused this request.
Rocky River brought suit on December 31, 1985 seeking restitution and a declaratory judgment to require the Auditor to correct the tax list.
On December 2, 1986, the court entered summary judgment in favor of Rocky River in the amount of $178,890.50. Reconsideration was denied on December 11, 1987. Final judgment was issued on March 8, 1988 consistent with its order of December 2, 1986.[1] This appeal followed, raising two assignments of error. *Page 387 
 I
"The trial court erred in granting plaintiff's motion for summary judgment because there are genuine issues of material fact as to the equitable defense asserted by defendant Board of Education of the Fairview Park City School District, Ohio."
Appellant Fairview Park, in opposing the motion for summary judgment, alleged that it had detrimentally changed its position in reliance on the receipt of the misallocated tax proceeds. Fairview Park supported its brief in opposition with the affidavit of Dr. John Babel, Jr., the Superintendent of the Fairview Park City School District, detailing the alleged detrimental change in circumstances. The matter of misallocated tax proceeds was brought to his attention in September 1985. These detrimental changes are characterized as: (1) Fairview's reliance on the Auditor's revenue allocation figures in preparing its annual appropriation measures for the years 1980 through 1983, inclusive; (2) Fairview's reliance on the estimated resources received by the Auditor in asking the voters to approve a five-year renewal levy in November 1983, which was passed by the voters in May 1986; (3) Fairview's reliance on the Auditor's figures in preparing its long-range financial plan for fiscal year 1987; (4) Fairview's entrance into employee contracts through December 31, 1988 based on the Auditor's figures; and (5) if required to give back the tax proceeds, Fairview's expenditures would exceed its revenues in 1981 and perhaps the other years in question.
Appellee Rocky River alleged that, as a matter of law, the facts as attested to by Dr. Babel do not give rise to a defense to restitution. In particular, Rocky River alleges the "changes in circumstances" were not detrimental.
In order for there to be a detrimental change so as to defeat a claim for restitution, it must be determined that the money paid by mistake, its value, or its benefit was not retained by Fairview Park, i.e., that the funds, their value or benefit, were no longer recoverable. Shearson/American Express, Inc. v.Mann (C.A.6, 1987), 814 F.2d 301; Firestone Tire Rubber Co. v.Central Natl. Bank of Cleveland (1953), 159 Ohio St. 423, 50 O.O. 364, 112 N.E.2d 636; Ohio Co. v. Rosemeier (1972), 32 Ohio App.2d 116, 61 O.O.2d 105, 288 N.E.2d 326.
In reviewing the alleged changes in circumstance, we are bound to review only those changes which occurred prior to Fairview Park's notification of the mistaken payment of funds by Rocky River. Thus, only those changes made prior to September 1985 are relevant. See, generally, 18 Ohio Jurisprudence 3d (1980), Contracts, Section 369. *Page 388 
It is not contested that the misapplied proceeds, i.e., the actual original dollars, are recoverable. They are not. The funds were commingled with non-mistaken tax proceeds and used by Fairview Park in its appropriations for the years in question. See Dr. Babel's affidavit at paragraph 6.
Therefore, we must look to see if Fairview Park has retained the value of the original payments.
To the extent that the original payments were spent on school appropriations, Fairview Park was saved from using its own tax revenue in the continued operation of its schools. This offset is the value of the misapplied proceeds. Furthermore, the value of the mistaken tax proceeds is recoverable by way of the continuing annual funding provided to each school district by the taxpayers. Thus, as a matter of law, Fairview Park has not detrimentally changed its position so to preclude recovery of the money paid under a mistake of fact.
Accordingly, this assignment is overruled.
 II
"The trial court erred in applying a six-year statute of limitations in granting plaintiff's motion for summary judgment."
This assignment is without merit.
Appellee Rocky River's claim is one for restitution of money paid by a mistake of fact which has unjustly enriched the appellant. Such a claim was recognized in Indian Hill v. Atkins
(1950), 153 Ohio St. 562, 42 O.O. 35, 93 N.E.2d 22. The court inIndian Hill did not specify a statute of limitations for the cause of action at issue.
The claim is quasi-contractual in nature, aimed at preventing Fairview Park from retaining money to which it is not entitled in equity or good conscience. Cf. Rice v. Wheeling DollarSavings Trust (1951), 155 Ohio St. 391, 44 O.O. 374,99 N.E.2d 301, Cincinnati v. Fox (1943), 71 Ohio App. 233, 26 O.O. 61,49 N.E.2d 69; Cincinnati v. Cincinnati Reds (1984), 19 Ohio App.3d 227,230, 19 OBR 378, 381, 483 N.E.2d 1181, 1185; 1933 Ohio Atty. Gen. Ops. No. 1856, Syllabus No. 1; 18 Ohio Jurisprudence 3d (1980) 275, Contracts, Section 347.
R.C. 2305.07 mandates that quasi-contractual claims, being implied contracts not in writing, must be brought within six years from the accrual of the cause of action. In the present case, the earliest disbursement of the misapplied tax proceeds was in 1980. Rocky River's complaint was filed on December 31, 1985, within the six-year statute of limitations.
Appellant's reliance upon the one-year statute of limitations contained in R.C. 2723.01 is misplaced. The matter herein does not involve the assessment *Page 389 
of property for taxation or the levy or collection of taxes, but rather the distribution of tax money which has already been collected. Indian Hill, supra, 153 Ohio St. at 571, 42 O.O. at 39, 93 N.E.2d at 26.
Appellant's reliance on the four-year statute of limitations for conversion actions is also misplaced. R.C. 2305.09(B). Although both theories are applicable, appellee Rocky River has chosen to state a cause of action in quasi-contract, not conversion. Rocky River has not alleged tortious conduct on the part of Fairview Park, nor has it asked for damages based on any tortious conduct. See Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 12 OBR 246, 465 N.E.2d 1298; 18 Ohio Jurisprudence 3d (1980) 513, Conversion and Replevin, Section 42; and 66 Ohio Jurisprudence 3d (1986) 145, Limitations and Laches, Section 13.
Accordingly, this assignment is overruled.
Judgment affirmed.
PATTON, P.J., and MATIA, J., concur.
[1] Rocky River's claim for an additional $18,409.83 improperly distributed to Fairview Park by one taxpayer was voluntarily dismissed with prejudice by Rocky River in the final judgment entry of March 8, 1988.