**COMMERCIAL FACTORS OF DENVER, a partnership; Rammics Corporation, a Colorado corporation; Playco Inc., a California corporation; and James O'Keefe, also known as Jim O'Keefe, Plaintiffs–Appellees,**

v.

**ROCHE CONSTRUCTORS, INC., Defendant–Appellant.**

No. 89CA0782.

Colorado Court of Appeals, Div. I.

June 14, 1990.

Rehearing Denied July 19, 1990.

Certiorari Denied Jan. 14, 1991.

Nichols & Kusic, John B. Kusic, Denver, for plaintiffs-appellees.

Walker Miller, Julie Coy, Greeley, for defendant-appellant.

Opinion by Judge PIERCE.

This appeal arises from a dispute concerning payments made under a subcontract by defendant general contractor, Roche Constructors, Inc. (Roche). The subcontractor had executed a promissory note in favor of plaintiff Commercial Factors of Denver and assigned its right to payment to Commercial Factors under the contract as security for a loan. Roche was notified of the assignment.

Plaintiffs, Commercial Factors, Rammics Corporation, Playco, Inc., and James O'Keefe, brought this action to recover amounts alleged due under the contract. Roche had refused to pay because the subcontractor failed to complete its performance. Roche counterclaimed for a reimbursement of payments previously made by Roche to Commercial Factors under the contract in order to cover cost overruns incurred by Roche in completing the unfinished subcontract work.

Commercial Factors had loaned the subcontractor $45,317.57 prior to a payment being made by Roche of $23,909.44. Subsequent to that payment, Commercial Factors loaned the subcontractor an additional $10,528.37. Within a few weeks, a second payment was made by Roche in the amount of $26,323.02. No further loans were made subsequent to this second payment.

Finding that no amounts were due to Commercial Factors under the contract because the subcontractor was in default, the trial court entered judgment against plaintiff. However, the trial court also found that Roche was not entitled to a reimbursement because Commercial Factors had changed its position and made further loans to the subcontractor based on the received payments. Roche appeals the latter finding of the trial court. We reverse and remand.

## I.

Roche contends that there is insufficient evidence in the record to support the trial court's finding that Commercial Factors made further loans to the subcontractor based on the previously received payments from Roche. Alternatively, Roche argues that a subsequent payment was made but that Commercial Factors changed its position only by that payment amount and, therefore, is entitled only to retain that amount.

■ Both parties agree that *Farmers Acceptance Corp. v. DeLozier*, 178 Colo. 291, 496 P.2d 1016 (1972), applied here by the trial court sets forth the general rule.

The rule in *DeLozier* is that, if an assignee from a contract debtor obtains money to which his assignor would be entitled only upon performance that the assignor has failed to make, then the assignee cannot retain mistaken, or even negligent, payments made to it by the contract debtor unless there has been a subsequent change of position by the assignee on the basis of those received monies.

One factor of that rule needs clarification, however. The change in position by the payee must be detrimental in nature. *Firestone Tire & Rubber Co. v. Central National Bank*, 159 Ohio St. 423, 112 N.E.2d 636 (1953) (cited in *DeLozier*); *see Ohio Co. v. Rosemeier*, 32 Ohio App.2d 116, 288 N.E.2d 326 (1972) (payee required to return money used to pay mortgage because changing cash into mortgage payment is a retainment of the value originally represented by the mistaken payment).

■ The decisive factor here in determining whether a change of position precludes a reimbursement of payments received is whether Commercial Factors retained the benefit of the payments or was left in a worse position than if payment had been refused originally by Roche. If Commercial Factors changed its position because of Roche's payments so that it no longer had possession of the money or was in a worse position than if Roche had refused to make that payment then the payee is exonerated from repayment, to the extent of such payment or payments. *See Firestone Tire & Rubber Co. v. Central National Bank, supra.*

Here, the position of Commercial Factors was detrimentally changed by the $10,-

528.37 it paid out on the basis of the payments received from Roche. Thus, we conclude that Roche is entitled to a reimbursement of $50,232.46, the total sum of the two payments, minus $10,528.37, the subsequent loan amount.

The judgment is affirmed except for that part of the judgment finding that Roche is entitled to no reimbursement because of a change of position by Commercial Factors. We reverse that finding and remand the cause with instructions that the trial court enter a new judgment in favor of Roche for the amount of $39,704.09 and statutory interest at a rate of 8% per annum from the date on which it is uncontested that Roche requested a reimbursement, May 5, 1987.

HUME and MARQUEZ, JJ., concur.