680 A.2d 798

PAINEWEBBER, INC., PLAINTIFF,
v. CARL LEVY, DEFENDANT.

Superior Court of New Jersey
Law Division Morris County

October 26, 1995.

*David L. Worthington* for plaintiff.

*G. Martin Meyers* for defendant.

RUSSELL, P.J.S.C.

On April 6, 1987, defendant Carl Levy purchased 20,000 shares of Juice International, Inc. stock at three cents per share from plaintiff PaineWebber. Between January 1994 and April 1994, Levy sold 7,500 shares of the stock, receiving proceeds totalling $25,635.07. However, on April 19, 1993, there had been a 1 for 100 reverse split of the stock. Thus, although prior to the reverse split Levy had owned 20,000 shares, he only owned 200 shares when he began selling it in January 1994. It is uncontroverted that between January 1994 and April 1994, Levy was the beneficiary of a mistaken overpayment by plaintiff PaineWebber of $24,835.07. Levy was notified of the mistake on April 21, 1994, by which time he claims to have spent the entire amount of the overpayment. Levy has explained that $500 was used to pay a past debt to his veterinarian. *Levy Supp.Cert.* at 2. He spent $10,000 to $12,000 on his daughter's college tuition and expenses, including $2500 for a new computer. *Levy Dep.* at 17. The balance was spent on Levy's own living expenses. *Levy Certification* at 6–7. For purposes of this motion, it is uncontested that Levy would not have purchased the computer, but for the overpayment.

PaineWebber now seeks summary judgment for $22,335.07, the amount of the overpayment, less the cost of the computer. Levy cross-moves for summary judgment as to the full amount of the overpayment. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 73–75, 110 *A.*2d 24 (1954).

It is considered unjust enrichment to permit the recipient of money paid under mistake of fact to keep it, unless the circumstances are such that it would be inequitable to require its return. *Great American Ins. Co. v. Yellen,* 58 *N.J.Super.* 240, 246, 156 *A.*2d 36 (App.Div.1959). One who has paid money under a mistake of fact may have restitution from the payee, notwith-

standing that the mistake was unilateral and a consequence of the payor's negligence, unless such restitution will prejudice the payee. *Great American Ins. Co. v. Yellen,* 58 *N.J.Super.* 240, 156 *A.*2d 36 (App.Div.1959).

We now address the issue of whether restitution would result in prejudice, where the payee asserts that he is unable to repay because he has spent the overpayment. In order to defeat an action for restitution due to prejudice, the payee's change in circumstances must be detrimental to the payee, material and irrevocable and such that the payee cannot be placed in the status quo. *Jonklaas v. Silverman,* 117 *R.I.* 691, 370 *A.*2d 1277 (R.I. 1977); *Westamerica Securities, Inc. v. Cornelius,* 214 *Kan.* 301, 520 *P.*2d 1262 (1974). For example, the payee is not required to make restitution, if, by reason of the mistaken payment, he has assumed liabilities and obligations that he would not otherwise have assumed. *See, Lincoln Nat. Life Ins. Co. v. Rittman,* 790 *S.W.*2d 791, 793–794 (Tex.Ct.App.1990) (restitution barred where, but for the overpayment, payee would have refused hospital treatment for his daughter). *See Lake Gogebic Lumber Co. v. Burns,* 331 Mich. 315, 320, 49 *N.W.*2d 310, 313 (1951); *Restatement of Restitution,* § 142, comment b (1937).

Prejudice to the payee does not occur when the payee has used the money to cover ordinary living expenses or to pay preexisting debt. *See United States v. Reagan,* 651 *F.Supp.* 387, 389 (D.Mass.1987) (neither incapacity alone nor the mere fact that the taxpayer spent the erroneously paid tax refund to repay previous debts was sufficient to prevent United States' action for restitution). *See Ohio Co. v. Rosemeier,* 32 *Ohio App.*2d 116, 61 O.O.2d 105, 288 *N.E.*2d 326, 329 (1972) (purchase of new car with insurer's overpayment held not sufficient change of position barring restitution); *Restatement of Restitution,* § 142, comment b (1937). This is the equitable result, since the payee would have assumed such liabilities and obligations regardless of the overpayment. Therefore, the payee can not be said to have detrimentally changed his position in reliance on the overpayment.

This court disagrees with the proposition that a payee demonstrates sufficient prejudice to defeat restitution simply by not retaining the value originally represented by the overpayment. *See Home Ins. Co. v. Honaker*, 480 A.2d 652, 655 (Del.Supr.1984) (restitution not required when, but for a $20,000 tort settlement, payee lacked sufficient funds to repay a $14,907 overpayment by the insurer). This view of prejudice would lead to unjust enrichment. Where a payee uses the overpayment to pay a past debt, no detrimental reliance occurs and restitution returns the parties to the status quo. The payee is placed in no worse a position, because he simply pays the amount of his prior obligation as restitution to the mistaken payor instead of the debtor (who has already been paid). Similarly, the payee expects to pay his ordinary living expenses. Requiring restitution of monies expended on ordinary living expenses prevents the payee from realizing a windfall and moves the parties closer to the position reasonably expected by each before the overpayment.

■ The payee is prejudiced when he incurs new debts or extraordinary living expenses in good faith reliance upon his right to the overpayment. The payee must prove that but for the mistaken overpayment he would not have incurred these costs or liabilities. *See Lincoln National Life Ins. Co. v. Rittman*, 790 S.W.2d 791, 793–94 (Tex.Ct.App.1990) (restitution not required where insured would have discontinued his daughter's medical treatment absent the mistaken overpayment of the insurance company). In such circumstances the payee has detrimentally relied upon the mistaken overpayment, and equity will not require restitution. The payee cannot be placed in the status quo, where the overpayment induces him to incur new debt he would not have otherwise assumed.

■ Genuine issues of material fact exist which make summary judgment inappropriate in the case at bar. It is unclear whether Levy would have paid for his daughter's college tuition and expenses absent the overpayment. He had paid for her tuition during prior semesters, but in September 1993, both Levy and his

wife were discharged from Chapter 7 bankruptcy. *Levy Supp. Cert.*, Paragraph 4. If Levy would have paid for his daughter's college expenses (approximately $12,000) without the benefit of the overpayment, then restitution of that amount is appropriate.

In addition, it is unclear which of Levy's living expenses were ordinary, and which were induced by his good faith reliance upon his right to the $25,000 overpayment. For example, Levy testifies that he "was watching the money even though I was a little easier ... giving out money at that time because I had this amount of money and I thought that it was going to increase three times." *Levy Dep.* at 49. While one may infer from this statement that Levy did not use the proceeds for anything but ordinary living expenses, he goes on to state that he would not have purchased a $2500 computer for his daughter without the overpayment. Plaintiff's motion and defendant's cross motion for summary judgment are denied, because genuine issues of material fact remain as to what portion of the overpayment was detrimentally relied upon by Levy in his expenditures for living expenses and his daughter's college expenses.