FORGE PROPERTIES, INC., Appellee,

v.

LARMM REALTY et al., Appellants.

[Cite as *Forge Properties, Inc. v. LARMM Realty* (1996), 114 Ohio App.3d 554.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69814.

Decided Sept. 16, 1996.

*McDonald, Hopkins, Burke & Haber Co., L.P.A., Thomas C. Schrader* and *Tyler L. Matthews,* for appellee.

*Irl D. Rubin,* for appellants.

DYKE, Judge.

Appellants appeal from the trial court's determination of summary judgment on appellee's motion. Appellee filed a complaint against appellants, seeking reimbursement on water bills which appellee had paid but which were appellants' responsibility under the terms of the titles on the respective properties.

Historically, the bills were sent to appellee, which then read appellants' water meter and prorated the bill accordingly. The prorated bill was sent by appellee to the business address of LARMM Realty, FEMCO and NL Corporation, all businesses owned and run by the Terkel family. A substantial share of FEMCO was sold to parties outside the family in the fall of 1990. FEMCO subsequently filed for bankruptcy, and the space was utilized by NL Corporation and a series of other tenants.

Appellee realized at one point that its employee had been misreading appellants' meter for the period between November 1989 and August 1992, misplacing the decimal point one space to the left. Appellants, and/or their tenants, therefore paid for only ten percent of their actual water usage. When approached with the corrected bill by appellee, appellants claimed that their tenants were solely responsible for the utility bills through their leases. Some of the tenants were no longer available from which to recover the unpaid water bills.

Appellee initiated the present action, asserting that appellants had primary responsibility for the repayment based upon the recorded easement in the titles to the properties. As no dispute existed as to the relevant facts, appellants filed a motion for summary judgment. Appellants' motion for summary judgment was supported by an affidavit by Maurice Terkel, which averred that the statement of facts contained in the brief in support of the motion for summary judgment was true. Also attached to appellants' motion was a copy of the lease between LARMM and FEMCO. Maurice Terkel signed on behalf of LARMM and Lawrence Terkel signed as president of FEMCO. Appellee also filed a motion for summary judgment and a brief in opposition to appellants' motion for summary judgment. Appellee's motion was supported by an affidavit prepared by the president of Forge Properties, Inc., water bill invoices highlighting the mistakes, the LARMM title policy identifying the easement/covenant running with the land and Lawrence Terkel's deposition with exhibits.

The trial court granted appellee's motion for summary judgment. Appellants appeal from this decision, asserting one assignment of error:

"The trial judge erred in granting the appellee's motion for summary judgment and in denying appellants' motion for summary judgment."

■ Appellants argue that because their position has changed drastically in that their tenants are no longer available to reimburse appellants for water usage that was the tenants' responsibility under the lease, it would be patently unfair to hold appellants liable for the water bill. Appellants argue further that they should not be held responsible under equitable theories of quantum meruit or unjust enrichment because they never received the benefit from the mistaken payments. Appellants' arguments are not well taken.

■ The law of Ohio is clear that a "payer, even if negligent in making payment under a mistake of fact, may recover if his act has not resulted in a change in the position of the innocent payee to his detriment." *Firestone Tire & Rubber Co. v. Cent. Natl. Bank of Cleveland* (1953), 159 Ohio St. 423, 439, 50 O.O. 364, 372, 112 N.E.2d 636, 644; *Ohio Co. v. Rosemeier* (1972), 32 Ohio App.2d 116, 61 O.O.2d 105, 288 N.E.2d 326; *Case W. Res. Univ. v. Friedman* (1986), 33 Ohio App.3d 347, 515 N.E.2d 1004. Therefore, if restitution in the amount of the paid water bills does not operate to appellants' detriment because they have not changed their position due to the mistaken payment, then recovery is available to appellee. The primary issue to be addressed by this court is whether there has been a detrimental change to preclude recovery. We find that there has not.

■ While appellants provided a copy of a lease which by its terms rendered the tenants of appellants' property responsible for the utilities, we find that appellants either were the responsible tenants for most of the period in question or were ultimately responsible for the water bills, if the tenants failed to pay, under the terms of the easement on the property. "In order for there to be a detrimental change so as to defeat a claim for restitution, it must be determined that the money paid by mistake, its value, or its benefit was not retained by [appellants], *i.e.*, that the funds, their value or benefit, were no longer recoverable." *Rocky River Bd. of Edn. v. Fairview Park* (1989), 63 Ohio App.3d 385, 387, 579 N.E.2d 217, 218.

Appellants argue that their tenants realized the benefit of the mistaken payments, and that those tenants are no longer available for appellants to recover amounts the tenants would owe them. This might have been a reasonable argument if it had been supported by any evidence as provided in Civ.R. 56(E). The only evidence of tenants made a part of the record by either party supports appellee's assertion that the businesses located on appellants' property were all operated by members of the Terkel family, each of whom possessed an ownership interest in the property. Summary judgment was therefore appropriate because appellants have clearly retained the value of having their water bills paid, in that their companies did not have to bear the expense.

Summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). A court must review the evidence most strongly in favor of the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. However, the party opposing summary judgment may not rest upon mere allegations but must produce documentary evidence setting forth specific facts which create a genuine issue for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. Viewing the evidence on the record in a light most favorable to appellants, we find that no genuine issue of material fact exists and that appellee's motion was properly granted, as a matter of law.

Accordingly, appellant's assignment of error is overruled. Appellee's motion for summary judgment was properly granted by the trial court and is hereby affirmed.

*Judgment affirmed.*

SPELLACY, C.J., and KARPINSKI, J., concur.