JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, the Board of Education of the Cleveland Municipal School District (the "Cleveland District"), appeals from a common pleas court order granting summary judgment in favor of plaintiff-appellee, the Board of Education of the North Olmsted City School District (the "North Olmsted District"), on the North Olmsted District's claims that the Cleveland District was unjustly enriched by personal property taxes which were erroneously paid to Cleveland rather than North Olmsted for tax years 1997, 1998, and 2002. The Cleveland District contends that a school district cannot recover tax dollars collected pursuant to another district's levies under a theory of unjust enrichment. Furthermore, the Cleveland District argues that the precedent upon which the common pleas court's decision was based, Rocky River Bd. of Edn. v. Fairview Park Bd.of Edn. (1989), 63 Ohio App.3d 385, is inapt. Finally, the Cleveland District asserts that the common pleas court did not have the power to order the county auditor to change the tax list.
 {¶ 2} We agree that the Cleveland District was not unjustly enriched at the expense of the North Olmsted District. Therefore, we reverse the common pleas court's judgment to the extent that it ordered the Cleveland District to pay the North Olmsted District the amount the Cleveland District had collected for 1997 and 1998 based upon its levies on the personal property at issue. However, we find the Cleveland District has no standing to challenge the portion of the court order directed to the county auditor, who is not a party to this appeal. Therefore, we affirm in part and reverse in part.
 Procedural History {¶ 3} The North Olmsted District filed its complaint on June 30, 2003. It asserted that Circuit City Stores, Inc., erroneously listed the Cleveland District as the taxing district for personal property which was located at a store in the North Olmsted District. As a result, from 1997 to 2000 and again in 2002, the Cuyahoga County Auditor attributed to the Cleveland District property tax proceeds which were actually due to the North Olmsted District. Circuit City amended its personal property tax returns for 1999 and 2000 and the tax proceeds for those years were redistributed from the Cleveland District to the North Olmsted District, but Circuit City was unable to amend the returns for 1997 and 1998.
 {¶ 4} The North Olmsted District sought to recover the personal property tax proceeds improperly allocated and distributed to the Cleveland District for tax years 1997 and 1998 on a theory of unjust enrichment. It also sought an order declaring the County Auditor's right and obligation to correct the property tax duplicates and/or assessment certificates for 2002, and to reallocate and redistribute to North Olmsted the personal property tax proceeds attributable to Circuit City property in the North Olmsted District which had not been distributed yet.
 {¶ 5} Both the North Olmsted District and the Cleveland District moved the court for summary judgment. The common pleas court concluded that "[t]his case is on all fours with the decision by the Eighth District Court of Appeals in Rocky River Board of Education v. Fairview Park Board of Education,579 N.E.2d 217, Ohio App. 8th Dist. (1989) [sic]. * * * * Based on Rocky River, the North Olmsted District is entitled to the tax proceeds mistakenly allocated and distributed to the Cleveland Municipal School District." Therefore, the court granted judgment for the North Olmsted District in the amount of $74,849 plus ten percent interest for personal property tax proceeds which were erroneously distributed to the Cleveland District instead of the North Olmsted District for tax years 1997 and 1998. The court further ordered the county auditor to pay over to the North Olmsted District personal property taxes the auditor collected which are attributable to personal property in the North Olmsted District, and to correct the personal property tax duplicates and/or assessment certificates for the tax year 2002.
 Law and Analysis {¶ 6} The Cleveland District first contends that the North Olmsted District cannot recover tax proceeds from it under a theory of unjust enrichment. It argues the North Olmsted District had no right to taxes produced by a levy of the Cleveland District, and therefore the North Olmsted District cannot argue that the Cleveland District was unjustly enriched at the expense of the North Olmsted District.
 {¶ 7} The parties do not dispute that the Cleveland District received tax dollars to which it was not entitled on personal property not in its jurisdiction. Nor is there any dispute that the North Olmsted District did not receive tax dollars to which it was entitled. However, the benefit the Cleveland District received as a result of the mistaken levy was not conferred on it by North Olmsted, and therefore North Olmsted cannot recover under a theory of unjust enrichment. In order to recover on a claim of unjust enrichment, the party asserting the claim must demonstrate that (1) the claimant conferred a benefit upon the recipient; (2) the recipient had knowledge of that benefit; and (3) circumstances render it unjust or inequitable to permit the recipient to retain the benefit without compensating the party who conferred it. Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183; CCI Properties v. McQueen, Cuyahoga App. No. 82044, 2003-Ohio-3674 ¶ 14. The North Olmsted District here did not confer a benefit on the Cleveland District. Therefore, recovery under a theory of unjust enrichment is not appropriate. See Board of Educ. of Lyme Twp. v. Board of Educ. of SpecialSch. Dist. No. 1 of Lyme Twp. (1886), 44 Ohio St. 278.
 {¶ 8} The North Olmsted District's argument that it was seeking restitution of funds mistakenly paid to the Cleveland District rather than North Olmsted is unavailing. Unlike the situation in Village of Indian Hill v. Atkins (1950),153 Ohio St. 562, the tax at issue here was not levied by the state for the benefit of all the school districts; it was levied by the school districts themselves, and varied from district to district. Cf. Zupancic v. Carter Lumber Co., Franklin App. No. 01AP-1248, 2002-Ohio-3246, ¶¶ 34-38 (describing the procedure by which school districts budget, levy and receive taxes). The amount collected by the county auditor from the taxpayer here was mistakenly based upon the Cleveland District's levy, not North Olmsted's. Thus, the judgment of the common pleas court allowed the North Olmsted District to recover the amount of the Cleveland District's mistaken levy. This cannot be viewed as restitutionary, because it does not compensate North Olmsted for its loss of revenue pursuant to its own levy.
 {¶ 9} The question whether the plaintiff could recover under a theory of unjust enrichment was not raised in or decided by the court of appeals in Board of Edn. of Rocky River City Sch. Dist.v. Board of Educ. of Fairview Park City Sch. Dist. (1989),63 Ohio App. 385. Though the Rocky River case is factually similar to the instant case, the only issues raised on appeal there concerned defenses. Therefore, our decision in Rocky River does not compel a judgment for the North Olmsted District, as the common pleas court apparently believed.
 {¶ 10} Like the court in Zupancic, at ¶ 33, we are perplexed at the apparent lack of a statutory remedy for the school district in the situation in which the North Olmsted District has found itself. While we do not foreclose the possibility that a remedy may exist, we hold that the North Olmsted District has no right to recover from the Cleveland District under a theory of unjust enrichment or restitution with respect to the 1997 and 1998 tax years. Therefore, we reverse the common pleas court's judgment to the extent that the court awarded the North Olmsted District $74,849 plus interest for property tax proceeds erroneously allocated to the Cleveland District for tax years 1997 and 1998. We remand with instructions to dismiss these claims.
 {¶ 11} The county auditor has not appealed the court order requiring it to correct the personal property tax duplicates and assessment certificates for tax year 2002, and to reallocate and redistribute personal property tax proceeds attributable to property in the North Olmsted District from the Cleveland Board to the North Olmsted Board. The Cleveland Board does not have standing to challenge this ruling. Therefore, we decline to address its assertion that the North Olmsted District's sole remedy lay in the statutory procedures for tax budgeting, levying and distribution.
Affirmed in part, reversed in part and remanded with instructions.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Sweeney, J., Concur.