NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1960
_____

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY

v.

TOTAL SYSTEMS INC; TOTSYS INC,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-01323)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2013

Before:  HARDIMAN, and ALDISERT, *Circuit Judges*
and STARK [*], *District Judge*

(Filed: February 13, 2013 )
_____

OPINION OF THE COURT
_____

[*] The Honorable Leonard P. Stark, District Judge for the United States District Court for the District of Delaware, sitting by designation.

HARDIMAN, *Circuit Judge*.

Total Systems, Inc. and Totsys, Inc. (collectively, Total Systems) appeal the District Court's summary judgment in favor of Transamerica Life Insurance Company. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

The owners of Total Systems—Daniel Devine and Robert Hendrickson—applied for life insurance in December 1999. Their agent, JB Hanauer, transmitted the applications to Transamerica through the Selario Agency, an independent insurance agency.

In June 2000, Transamerica approved Devine's application and issued him a life insurance policy with annual premiums of $2,390 and a benefit of $2,000,000. Although Transamerica also approved Hendrickson's application, he began taking flying lessons in August 2000. After learning this, Selario sent Transamerica a fax stating: "Please reissue with Aviation Exclusion. Insured started flying lessons Aug. 1, 2000 therefore we need the policy reissued with the Exclusion." (App. 54.) Selario also attached a Sports and Avocation Questionnaire, on which Hendrickson indicated that he had started taking flying lessons as a recreational pilot.

Transamerica quoted Hendrickson an annual premium of $2,700 for a $2,000,000

2

life insurance policy, which excluded coverage for death "as a result of operating, riding in or descending from any kind of aircraft while the Insured is a crew member of that aircraft." (App. 55–56.) In case of such a death, Transamerica would remit only the premiums Hendrickson had already paid, with interest. Hendrickson's premiums were higher than Devine's because his policy was issued at 2000, rather than 1999, rates. Transamerica also informed Selario that coverage without the aviation exclusion would have cost $3.50 per $1,000 of coverage, or $7,000 annually for the $2,000,000 of coverage.

On August 30, 2000, JB Hanauer told Selario to "do the exclusion rider." (App. 206.) Almost two weeks later, however, JB Hanauer told Selario that Hendrickson "doesn't want any policy." (App. 208.) On September 28, JB Hanauer sent another email to Selario stating that "[Hendrickson]'s back and wants to reopen and place the policy 'with the aviation exclusion.'" (App. 210.)

In October 2000, Hendrickson submitted a new application for life insurance in which he answered "yes" to the question whether he intended to fly an aircraft or had flown an aircraft in the past two years. In the remarks section of the application, Hendrickson wrote: "Issue w/ Aviation Exclusion." (App. 122.) JB Hanauer faxed the application to Selario and Transamerica, with instructions to "[r]eissue w/ Aviation Exclusion." (App. 204.)

There is no dispute that Transamerica issued a life insurance policy to

3

Hendrickson, although the parties disagree as to whether it contained an aviation exclusion. Neither party produced the original insurance policy, but Transamerica presented in the District Court a Life Policy Invoice that refers to an "AVTN EXCLSN." (App. 135.) A Transamerica Operations Manager averred that every time the company issued a policy, a Life Policy Invoice would be generated automatically, and would be a "precise record of each of the forms, amendments and riders contained within the referenced policy." (App. 48–49.)

In August 2007, Hendrickson died while piloting a private airplane. On November 5, 2007, Transamerica claims examiner Kim Melsha paid $2,003,888.36 in death benefits to Total Systems. According to Melsha, she did not think to check the insurance policy for an aviation exclusion before paying the claim because she had never encountered such an exclusion before. After paying Total Systems, Transamerica submitted a claim to its reinsurers, who alerted Transamerica to its potential mistake. On January 2, 2008, Melsha sent Devine a letter requesting that Total Systems return $1,978,418.11 to Transamerica. After Devine refused, Transamerica filed suit in the District Court to recover the alleged overpayment.

The parties filed cross motions for summary judgment, with each claiming that no material facts were in dispute and that they were entitled to judgment as a matter of law. The District Court denied Total Systems's motion for summary judgment, granted Transamerica's motion, and ordered Total Systems to return $1,978,418.11. Total

Systems filed this timely appeal, in which it argues, contrary to its position in the District Court, that material issues of fact exist such that summary judgment was improper.

## II[1]

We review de novo the District Court's summary judgment. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 263 (3d Cir. 2006). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat a motion for summary judgment, the nonmoving party must show that there is more than merely "a scintilla of evidence" supporting his position, *id.* at 252, or "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In addition, a nonmoving party may not rely on "unsupported allegations in his memorand[a] and pleadings . . . to repel summary judgment," *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990), because the purpose of Rule 56 "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support

---

[1] The District Court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over the appeal under 28 U.S.C. § 1291.

5

an assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion.").

To be entitled to recover its payment, Transamerica must demonstrate that Hendrickson's death was not covered by his insurance policy, and that a restitution order would not unduly prejudice Total Systems. *See Great Am. Ins. Co. v. Yellen*, 156 A.2d 36, 39 (N.J. Super. Ct. App. Div. 1960).

## III

## A

Based upon our review of the record, we agree with the District Court that there is no genuine issue of material fact as to whether Hendrickson's policy contained an aviation exclusion. When Hendrickson began taking flying lessons in August 2000, Selario sent Transamerica a fax stating that Hendrickson "started flying lessons Aug. 1, 2000[;] therefore we need the policy reissued with the Exclusion." In September, Hendrickson's broker sent an email to Transamerica stating that "[Hendrickson]'s back and wants to reopen and place the policy 'with the aviation exclusion.'" In October, Hendrickson submitted an application for life insurance to Transamerica, in which he handwrote: "Issue w/ Aviation Exclusion." When his agent faxed the application to Transamerica, the cover sheet contained instructions to "[r]eissue w/ Aviation Exclusion." Finally, the Life Policy Invoice, the only contemporaneous record of Hendrickson's policy, mentions an "AVTN EXCLSN" in its memo line.

6

In an effort to rebut this evidence, Total Systems offers only the deposition testimony of Devine and Anthony DaCruz, an insurance agent at JB Hanauer. We agree with the District Court that this testimony does not rebut Transamerica's documentary evidence. Devine testified that he did not know whether Hendrickson ever considered purchasing a policy with an aviation exclusion. When confronted with Hendrickson's application, Devine opined that the statement "Issue w/ Aviation Exclusion" meant that Hendrickson "ha[d] an issue with the aviation exclusion." Devine also admitted that the Life Policy Invoice referred to an "AVTN EXCLSN" and testified that he did not know whether he or Hendrickson had ever received the original policy.

Likewise, DaCruz testified based on his "recollection" that he "was under the impression that if Bob died in a plane crash, there was a payment to be made." When confronted with Transamerica's documentary evidence, DaCruz admitted that the September email and the October fax suggested that Hendrickson was seeking a policy with an aviation exclusion.

The deposition testimony offered by Total Systems cannot defeat a motion for summary judgment when viewed in the light of the documentary evidence contradicting it. *See Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (summary judgment proper where two business records stating that an employee was hired in 1998 were contradicted only by vague deposition testimony that employee was hired in 1999); *see also Schoch*, 912 F.2d at 657 (defendant's motion for summary judgment granted

7

because plaintiff's memorandum in opposition contained "only contentions not supported by verified or documented materials"). Accordingly, summary judgment was proper.

B

Total Systems next argues that Transamerica's documentary evidence was barred by the Best Evidence Rule, codified as Federal Rule of Evidence 1002. Under that rule, "[a]n original writing . . . is required in order to prove its content unless these rules . . . provide[] otherwise." Fed. R. Evid. 1002. However, "[a]n original is not required and other evidence of the content of a writing . . . is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith." Fed. R. Evid. 1004.

In this case, the original insurance policy, which was issued to Hendrickson, was never produced in the District Court. There is no evidence that Transamerica failed to retain a duplicate original in bad faith. Therefore, Transamerica was permitted to introduce secondary evidence of the policy terms. *See Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir. 1992) ("Where the actual [insurance] policy is not available, the terms of the contract can also be shown by secondary evidence. . . . This type of secondary evidence is admissible under Federal Rule of Evidence 1004 as long as the original contract has not been destroyed or lost in bad faith.").

C

We also disagree with Total Systems's claim that there is a genuine issue of material fact as to whether it would be unduly prejudiced by a restitution order. Under

New Jersey law, "one who has paid money under a mistake of fact but for which payment would not have been made may have restitution from the payee notwithstanding that the mistake was unilateral and a consequence of the payor's negligence, providing, however, that such restitution will not prejudice the payee." *Great Am. Ins. Co.*, 156 A.2d at 39. To show prejudice, a payee must show that:

> [T]he payee's change in circumstances [is] detrimental to the payee, material and irrevocable and such that the payee cannot be placed in the status quo. . . . For example, the payee is not required to make restitution, if, by reason of the mistaken payment, he has assumed liabilities and obligations that he would not otherwise have assumed.

*PaineWebber, Inc. v. Levy*, 680 A.2d 798, 799 (N.J. Super. Ct. Law Div. 1995) (citations omitted). However, a payee cannot show prejudice merely by showing that he used the money to cover ordinary living expenses or pay preexisting debts, or that he failed to retain the overpayment. *Id.*

In this case, the only evidence of prejudice that Total Systems presented was Devine's own affidavit. Devine's affidavit states that, after receiving the insurance funds, he spent money on working capital, a new lease, new employees and their associated expenses, new hardware, travel and lodging expenses, a company car, and litigation expenses. However, Total Systems has provided no evidence that document whether these expenses were extraordinary, when they occurred, or whether they were incurred in good-faith reliance on Transamerica's overpayment. Because the purpose of Rule 56 "is not to replace conclusory allegations of the complaint or answer with conclusory

9

allegations of an affidavit," *Lujan*, 497 U.S. at 888, Devine's bare-bones affidavit is insufficient to defeat summary judgment on the issue of prejudice. This is particularly true here because Total Systems rebuffed Transamerica's discovery requests on this issue by asserting irrelevance and confidentiality.

For the reasons stated, we agree with the District Court that Total Systems failed to carry its burden to produce specific facts showing a genuine issue of material fact with respect to prejudice. *See Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985).

D

Finally, Total Systems argues in passing that Transamerica's mistaken payment constituted a waiver of its contractual rights. We disagree. In the absence of reasonable, detrimental reliance by an insured, "a loss which is not within the coverage of a policy cannot be brought within such coverage by invoking the principles of waiver or estoppel." *Greenberg & Covitz v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 711 A.2d 909, 915–16 (N.J. Super. Ct. App. Div. 1998) (citation omitted), *modified on other grounds by Greenberg & Covitz v. Nat'l Union Fire Ins. Co.*, 735 A.2d 569 (N.J. 1999). Because Hendrickson's insurance policy did not cover the accident that took his life and because Total Systems has provided no evidence of detrimental reliance beyond Devine's unsupported affidavit, Transamerica's recovery is not barred by waiver.

IV

For the foregoing reasons, we will affirm the judgment of the District Court.